THE CUMBERLAND AND PENNSYLVANIA RAILROAD COMPANY *vs.* STATE OF MARYLAND, use of MARGARET MILLSLAGLE.

*Railroad Company—Death of a Child—Negligence.*

A boy seven years old, was found lying severely injured by the side of a railroad track within the limits of a city, shortly after a train of cars had passed the spot. He died during the night of the day on which he was injured. The circumstances indicated that he had been run over by the train but there were no eye-witnesses to the fact. In an action against the railroad company to recover damages for his death, no evidence was produced to show how the accident occurred; but there was proof tending to show that the train passed the place of the accident at greater speed than was allowed by the city ordinance, and without sounding the whistle or ringing the bell as required by the rules of the company. HELD :

That conceding there was negligence on the part of its employés, the defendant could not be held liable, in the absence of proof connecting the injury with that negligence, and showing that the injury sustained was the direct consequence of it.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court. The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Robert H. Gordon,* and *Henry Kyd Douglas,* for the appellant.

*Ferdinand Williams,* for the appellee.

Cumb. & Penn. Railroad Co. *vs.* State, use of Millslagle.

IRVING, J., delivered the opinion of the Court.

The equitable plaintiff, the appellee in this Court, sued the appellant for killing her son, a boy of seven years old, through the negligence of its employés in running the train which inflicted the injuries.

Appellant's engine No. 4 was coming east, into the City of Cumberland, drawing a train of five or six freight cars, including one box car. The tender was in front of the engine, which was running backward pulling the train. According to the plaintiff's witnesses the tender was square, five feet high from the truck, without any lookout upon it, and was some obstruction to the fireman and engineer in seeing the track in front of it. An ordinance of the City of Cumberland prohibited trains, passing through the city, going faster than six miles per hour. Plaintiff's witnesses testified that this train was running at a speed of from seven to nine miles per hour, which was a violation of the ordinance.

The rules of the railroad company required the whistle to be sounded for stations and crossings; and after the whistle had sounded the bell was required to be rung until the station or crossings were passed; and the bell is to be sounded continually while passing through the limits of incorporated cities; but the use of the whistle when in close proximity to streets or roads where houses are used, was by the rules of the company to be avoided as much as possible. Evidence was offered by the appellee tending to prove a violation of the rules of the company in omitting to sound the whistle and ring the bell.

There were two tracks, one for the east bound train, and one for the west bound train; and when engine No. 4 was coming east between Valley street and Knox street, another train came down on the other track going westward at the rate of twenty or twenty-five miles an hour. Engine No. 4 had passed the point where the

76        MARYLAND REPORTS.

Cumb. & Penn. Railroad Co. *vs.* State, use of Millslagle.

accident occurred, when a witness of the plaintiff saw the train going westward stop, and saw the brakeman go back and pick up a boy from the track over which engine No. 4 had passed, and carry him to the watch-box where the witness joined "the party." The boy was found lying with his body outside the east bound track, and his shoe and foot, which was cut off, were inside the rail which was farthest from the west bound track. The witness heard somebody scream shortly after the engine No. 4 and train had passed. He was alive when found; but died during the night of the same day. He was found between two streets but near no crossing.

At or near the spot where he was killed, there was a coal yard, to which the mother of the boy testified she had sent him in the afternoon to order some coal. She testified that in going and returning from the coal yard, it was not necessary to cross the track or go upon it. The plaintiff's witnesses had not seen the boy till he was picked up after the injury. One foot was cut off, and the other was badly crushed, and no other injuries are mentioned as sustained.

The appellee rested its case, and the appellant, before offering any testimony on its part, offered a prayer, "that there is no evidence in this case from which the jury can find that the death of John F. Millslagle was caused by the negligence of the defendant's employés, and under the pleadings and evidence in the case the plaintiff is not entitled to recover." This instruction was refused, and is the subject of the first exception.

The Court having refused, at this point, to take the case from the jury, the appellant offered evidence tending to show that the train was not going at a speed beyond the six miles allowed by the city ordinance, and that the bell was rung and whistle was blown; and that there was no one on the track in front of the tender and

OCTOBER TERM, 1890. 77

Cumb. & Penn. Railroad Co. *vs.* State, use of Millslagle.

engine, and no one near it; and that witnesses were looking and could see. A witness also testified that she saw the boy fifteen minutes before the accident attempting to get on a freight train moving westward. He was taking hold of the box car next to the tender. She was very near him. She next saw him when he was being taken home, after the accident. When the case was closed, various instructions were asked by plaintiff and given, to which defendant excepted. Several prayers on the part of the defendant were granted, but the prayer, which was again offered, asking that the case be taken from the jury was rejected, and is included in the second exception.

The only question raised and relied on in this Court is on the refusal of the Court to instruct the jury that there was no legally sufficient evidence to justify a verdict for the plaintiff.

We are all of opinion that the Court erred in refusing to take the case from the jury, because, conceding there was negligence on the part of the appellant's employés, still there is not the slightest proof connecting the injury with that negligence, and showing that the injury sustained was the direct consequence of such neglect of duty. In *State, use of Bacon vs. Baltimore and Potomac Railroad Company*, 58 *Md.*, 484, this Court said it was incumbent on the plaintiff so to show. It may be assumed that the cars were going at a rate of speed forbidden by the ordinance of the city and that the rules of the company were violated in respect to signals of approach; yet it must appear, as was said in *Phil., Wilm. and Balto. Railroad Co. vs. Stebbing*, 62 *Md.*, 517, that "the negligent breach of the duty imposed by the ordinance was the direct and proximate cause of the injury complained of, and that such injury would not have occurred but for the violation of that duty." There is no proof in the cause from which it can reasonably be

78          MARYLAND REPORTS.

Cumb. & Penn. Railroad Co. *vs.* State, use of Millslagle.

inferred that the negligence in any of the recited par-
ticulars was the cause of the boy's injury.    The plain-
tiff's own proof shows that the boy had no occasion to
go on the track of the appellant in executing the errand
upon which his mother sent him.    There was no cross-
ing at the point of the accident.    He was, therefore, a
trespasser, and wrongfully on appellant's road-way.    It
would seem, therefore, as was said in *Baltimore and Ohio
Railroad Company vs. State, use of Allison,* 62 *Md.*, 488,
"to be necessary to show some negligence, amounting to
the omission of a general and imperative duty toward
him to subject the defendant to liability in the action
brought."    If the boy had been shown to have been on
the track, and the defendant negligently omitted to warn
him of his danger, and was, while he was so on the track,
violating an ordinance of the city in the speed of its
cars, or violating rules of the company, then the injury
might have been referred to this negligence; but there is
no proof that he was on the track, and that the defen-
dant's operatives ought to have seen him.    How he
came where he was when he was picked up is a mere
matter of speculation and surmise, and this Court has
said in *Baltimore and Ohio Railroad Company vs. State,
use of Savington,* 71 *Md.*, 599: "In matters of proof we
are not justified in inferring from mere possibilities the
existence of facts; there must be proof of the essential
facts to fix liability upon a party charged with the com-
mission of a wrongful act."    A jury may not be per-
mitted merely to conjecture how the accident occurred.
He is not shown to have been on the track, where if he
had been seen, as already said, although a trespasser, he
would have been entitled to reasonable effort on the part
of the employés of the appellant to prevent his being
injured.    He was not seen by the operatives, nor was he
seen on the track by any one else, so as to impute negli-
gence to the employés for not seeing him.    We can,

therefore, see no duty to the boy which was omitted, and the omission of which can be said to have occasioned his injury and death.   From the posture of the boy when found, and the character of his injuries, no reasonable inference could be made that he was on the track and was knocked off.   The head, body and arms gave no indication of having been struck by the tender or any part of the train.   The only injury was the cutting off one foot and the crushing of the other.   If guessing were admissible, his posture and injuries would more reasonably suggest that in an effort to get on the box car while the cars were in motion he lost his hold and footing, and slipped his legs under the wheels.   But speculation may not be indulged, and in the absence of proof connecting the accident in some way with appellant's negligence, the suit must fail.   The question of contributory negligence not being really involved, we have not found it necessary to consider or pass upon any of the questions arising out of the boy's age, and the authorities cited on that subject.   If there be any difference in respect to the duty of a railroad toward a boy of seven and an adult person, enough has not been shown in this case to make it necessary to consider the distinction which some authorities say exists.   In addition to the authorities already cited we refer to *State, use of Barnard, et al. vs. Phil., Wilm. & Balto. Railroad Co.,* 60 *Md.,* 559; *Northern Central Railway Co. vs. State, use of Burns,* 54 *Md.,* 113; *Balto. & Potomac Railroad Co. vs. State, use of Stansbury,* 54 *Md.,* 655; *State, use of Foy, et al. vs. Phila., Wilm. & Balto. R. R. Co.,* 47 *Md.,* 76; *Balto. & Ohio R. R. Co. vs. Schwindling,* 101 *Penn.,* 261.   As the case ought to have been taken from the jury, the judgment must be reversed without awarding a new trial.

*Judgment reversed.*

(Decided 13th November, 1890.)