was therein held that, to render an eviction of a tenant a valid defense against the landlord's claim for rent, it must take place before the rent falls due. The point of distinction between the two cases is that there the lease was taken expressly subject to the mortgage, and it does not appear therein that there was any covenant, as in the lease here, for quiet enjoyment, or that, in violation of such covenant, the tenant was evicted by title paramount. In those two features I think this case is distinguishable from Giles v. Comstock, and it falls expressly within the principle of the cases above referred to, which support the proposition that, where one is evicted by a title paramount, he should not be obliged to pay, or, if he has paid, that he should receive back, a proportionate part of the rent for the term subsequent to eviction.

I think, therefore, that all the plaintiff was entitled to recover was what the defendant offered to allow, namely, $21.66, accrued rent to and including February 3d. For the reasons stated, therefore, I dissent from the conclusion reached by my associates.

---

(23 App. Div. 137.)

### ARMSTRONG v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

INJURY TO PASSENGER.

    At the trial of an action to recover damages for an injury received by the plaintiff in falling from one of defendant's surface cars, he testified that the car "went right from under him," but there was no other evidence to indicate any sudden start, jerk, or jolt of the car. Defendant's witnesses testified that plaintiff stepped off while the car was moving, and that there was no change in its movement. *Held,* that the evidence did not warrant a finding of negligence on the part of the defendant.

Appeal from trial term.

Action by Thomas H. Armstrong against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

Charles F. Brown (John T. Little, Jr., on the brief), for appellant. John H. Clapp, for respondent.

PER CURIAM. The plaintiff was a passenger on an open car of the defendant. While seeking to alight from the car he fell and was injured. He testified that, having signaled the conductor his desire to alight, the signal was recognized and the car slowed down. He thereupon arose and stood on the platform, when, as he expresses it, "the car went right from under me,—went forward,"—and he fell into the street, alighting upon his feet, but subsequently sinking down. No testimony was given to show that the car started suddenly or accelerated its motion, or that there was any jerk or jolt, other than may be inferred from the plaintiff's statement that "the car went right from under me." For the defendant two witnesses testified that the plaintiff fell while stepping off the car, which was in

motion at the time, and that there was no change in the movement of the car. The defendant insists that the testimony of the plain-tiff was insufficient to support the charge of negligence on its part, and in this we agree. Though interrogated several times on the subject, the plaintiff would say nothing more or else 'of the move-ment of the car than that "it went from under me." Of course, the car did not go from under him. This is in reality not the statement of a fact, but a statement of the sensation the plaintiff experienced at the time. It might have been due to his neglect to properly main-tain his balance or secure himself from the jolt or oscillation which the movement of a car at all times will occasion, either to a greater or less extent. The probability that it resulted from his own fault was just as great as that it resulted from the fault of the defendant, and the jury were not justified in ascribing it to the latter cause, in the absence of proof to establish that there was any jerk or change in the motion of the car, and in the face of positive evidence to the contrary. In fact, it is difficult to see how the accident could have occurred as plaintiff states it, assuming that his testimony as to his position was correct. He says that he was not on the step; that he was standing on the back platform of the car (as we infer from the record before us), in front of the seat from which he had arisen. If the motion of the car had been suddenly accelerated, it would seem as if the plaintiff should have been thrown over or against the back dashboard, and not sidewise into the street. The motion for a non-suit should have been granted.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.