[No, 6446. Decided December 13, 1906.]

JOHN STONE *et al.*, *Appellants*, v. JAMES CREWDSON, *Respondent*.[1]

DAMAGES—ASSAULT CAUSING MISCARRIAGE—PROXIMATE CAUSE OF INJURY—EVIDENCE—WEIGHT AND SUFFICIENCY. In an action for damages by reason of a miscarriage alleged to have been the result of an assault, a nonsuit is properly granted where the time that intervened—thirty-three days—was, according to the expert testimony, greatly in excess of the ordinary time, and the cause of the miscarriage could not be determined without entering the realms of speculation and conjecture.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 23, 1905, in favor of the defendant, dismissing an action for damages by reason of an assault, upon granting a nonsuit, after a trial on the merits before the court and a jury. Affirmed.

*Richardson, Roche & Onstine*, for appellants.
*Hamblen, Lund & Gilbert*, for respondent.

DUNBAR, J.—This action was brought by the appellants, husband and wife, to recover damages on account of personal injuries alleged to have been suffered by one of the appellants, Irene Stone. The complaint alleged, in substance, the following facts: That on or about the 2d day of July, 1904, the defendant came to the home of the plaintiff Irene Stone's father and mother, in the town of Medical Lake, where she was visiting, and without any reason or cause, wrongfully, wickedly, maliciously, and brutally assaulted the

[1]Reported in 87 Pac. 945.

plaintiff Irene Stone, and conducted himself in a boisterous, threatening and noisy manner, violently shaking and swinging his hands and his fists in and around and about the person and face of the plaintiff Irene Stone, and her mother, Mrs. Margaret E. Olds, and swearing and cursing at them in a very loud and boisterous manner, heaping opprobrious epithets upon them and calling them vile names, which are specified in the complaint; and that, by such action, he severely frightened plaintiff Irene Stone, who was then in a delicate condition, and caused her to faint away and become unconscious and her nervous system to be greatly shocked and injured, to such an extent as to cause her to have a miscarriage shortly after; and the injuries flowing from such miscarriage are set forth in the complaint. Judgment was asked for $20,000 damages. At the close of the plaintiffs' testimony, the defendant challenged the sufficiency of the evidence, on the ground that it was not sufficient to justify a recovery. This motion was sustained, and judgment entered in favor of the defendant for costs.

We have examined the testimony in this case and, from such testimony, including the medical expert testimony, we think that the judgment of the court must be sustained—that there is no proof that the negligent acts of the respondent were the proximate cause of the miscarriage from which the alleged injuries followed. Without undertaking to reproduce the testimony of the doctors, who were called by the appellants and upon whose testimony this case must be determined, it shows that any one of many intervening acts and happenings might have caused the same result. The time between the alleged cause and the actual miscarriage—thirty-three days—was, according to the expert testimony, greatly in excess of the ordinary time in such cases; and the answers of the physicians to questions propounded to them, which were based upon the testimony, convince us that the jury could not have determined the proximate cause of the

miscarriage without entering into the realms of speculation, conjecture, and guesswork, and this they are not empowered to do, under the rule announced by this court in *Armstrong v. Cosmopolis*, 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County*, 33 Wash. 174, 73 Pac. 1118, and *Stratton v. Nichols Lumber Co.*, 39 Wash. 323, 81 Pac. 831.

We are unable to discover that the court committed any prejudicial errors in the admission or rejection of testimony. The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN and CROW, JJ., took no part.