[No. 7995.   Department Two.   July 15, 1909.]

AMELIA M. WECKTER, as *Administrator etc., Appellant*, v. GREAT NORTHERN RAILWAY COMPANY *et al., Respondents.*[1]

MASTER AND SERVANT—NEGLIGENCE—CAUSE OF DEATH—EVIDENCE— SUFFICIENCY—NONSUIT. In an action for the death of a brakeman, alleged to have been knocked from a car by an unusual crash in switching, there is not sufficient evidence of the cause of his death to submit the case to a jury, and a nonsuit should have been granted, where there was no direct proof as to the cause of his death, and it merely appears that his body was found on the tracks about fifteen minutes after an unusual crash in switching cars, which experts testified would have been sufficient to knock him off the top of a car, that it would have been his duty to be at the brakes, that his lantern was found on the top of a car and he was last seen ascending a car; as the cause of death would be left to conjecture.

SAME—DIRECTION OF VERDICT. In such a case, it is proper to direct a verdict for the defendants, even if the plaintiff made a case in the first instance, where the defendants' evidence showed that the crash of cars was caused by two cars coming together on a track other than the one on which the brakeman met his death, and that the car he was seen to be climbing had been cut loose from the train and was slowly passing down a track other than the one on which the crash of cars occurred.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 8, 1909, in favor of the defendants, by direction of the court, after a trial before the court and a jury, in an action to recover for the death of a railway brakeman. Affirmed.

*W. H. Plummer* and *F. H. McDermont*, for appellant, cited: *Woodall v. Boston Elevated R. Co.*, 192 Mass. 308,

[1]Reported in 102 Pac. 1053.

78 N. E. 446; *Jucker v. Chicago & N. W. R. Co.*, 52 Wis. 150, 8 N. W. 862; *Hopkins v. Boyd*, 18 Ind. App. 63, 47 N. E. 480; *Lunde v. Cudahy Packing Co.* (Iowa), 117 N. W. 1067; *Elliff v. Oregon R. & Nav. Co.* (Ore.), 99 Pac. 76; *Hartvig v. Northern Pac. Lumber Co.*, 19 Ore. 522, 25 Pac. 358; *Schumaker v. St. Paul etc. R. Co.*, 46 Minn. 39, 48 N. W. 559, 12 L. R. A. 257; *Hayes v. Michigan Cent. R. Co.*, 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410; *Atchinson etc. R. Co. v. Love*, 57 Kan. 36, 45 Pac. 59; *Choctaw etc. R. Co. v. McDade*, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96; *Marande v. Texas & Pac. R. Co.*, 184 U. S. 173, 22 Sup. Ct. 340, 46 L. Ed. 487; *Adams v. Bunker Hill etc. Min. Co.*, 12 Idaho 637, 89 Pac. 624; *Cameron v. Great Northern R. Co.*, 8 N. D. 124, 77 N. W. 1016; *Garretson v. Tacoma R. & Power Co.*, 50 Wash. 24, 96 Pac. 511; *Allend v. Spokane Falls & N. R. Co.*, 21 Wash. 324, 58 Pac. 244; *White v. Chicago etc. R. Co.*, 1 S. D. 326, 47 N. W. 146; *Kenney v. Hannibal etc. R. Co.*, 70 Mo. 243; *Johns v. Ash*, 50 Wash. 559, 97 Pac. 748; *Anderson v. Northern Pac. R. Co.*, 19 Wash. 340, 53 Pac. 345; *State v. McIntyre*, 53 Wash. 178, 101 Pac. 710.

*F. V. Brown, A. J. Laughon,* and *J. J. Lavin,* for respondents.

RUDKIN, C. J.—On the 10th day of October, 1908, H. A. Weckter, husband of the plaintiff, Amelia M. Weckter, was in the employ of the Great Northern Railway Company as a brakeman, and met his death on the evening of that day while in the performance of his duty. This action was instituted against the company and one of its locomotive engineers to recover damages for wrongfully causing the death. As near as can be ascertained from the circumstantial evidence found in the record, the death of the brakeman resulted from a fall from the hindmost of three cars switched from what is called the passing track to the industrial track, on the line of the defendant company's road at Deer Park,

in this state. The negligence charged in the complaint was, in substance, that the engineer in charge of the train upon which the deceased was braking was incompetent; that the defendant company had knowledge of such incompetency; and that the engineer negligently, carelessly, and without warning crashed into the cars upon which the deceased was braking, thereby throwing him from the train and causing his death. At the close of the testimony the court directed a judgment in favor of the defendants, and the plaintiff has appealed.

The sufficiency of the evidence to warrant the submission of the case to the jury is the sole question presented for our consideration. There were three tracks running north and south on the line of the respondent company's road at Deer Park where the accident happened, viz.: the westerly track called the main track, the middle track called the passing track, and the easterly track called the industrial track. The industrial track was connected with the middle or passing track by a switch a short distance south of the Deer Park depot.

The testimony on the part of the appellant tended to show substantially the following facts: A number of witnesses testified that, about 7 o'clock on the evening in question, they heard cars come together in the yards at Deer Park with an unusual crash. The crash was so unusual that it attracted the attention of the witnesses, and some of them testified that it shook the buildings at a considerable distance from the tracks. Several of these witnesses were indoors at the time, and none of them saw the cars that came together or knew which of the three tracks the cars were on. They all testified, however, that the sound came from the general direction of the switch connecting the passing track with the industrial track south of the depot. They further testified that they learned of the death of the brakeman about ten or fifteen minutes after hearing the crash in question.

Another witness testified that he was standing in front of a

drug store, some considerable distance from the switch, and saw some person going up the side of one of the cars with a lantern a few seconds before the crash testified to by him and the other witnesses, but who the person was or what car or track he was on the witness did not know. The front brakeman was called as a witness by the appellant, and testified that he last saw the deceased brakeman alive as he was climbing up the side of one of the cars switched onto the industrial track, with his lantern in his hand, and that the death of the brakeman was reported to him about ten or fifteen minutes later. The body of the deceased was found along the outer side of the industrial track a considerable distance back from the switch. Blood and hair were found on the outer rail of the industrial track about 130 feet back from the switch, the lantern carried by the deceased was found on the top of one of the cars, and his keys and some other of his effects were found scattered along the track between the point where the blood and hair were discovered on the track and the place where the body was found some distance further back.

Expert testimony was offered tending to show that it would have been the duty of the deceased brakeman to be on the top of the cars switched onto the industrial track for the purpose of setting the brakes, and that, if the engine or train collided with the cars on which the deceased was standing with the force testified to by the several witnesses, the crash would result in hurling or throwing him from the car. This we think is a fair statement of the appellant's case, aside from testimony tending to show incompetency on the part of the engineer and the company's knowledge of such incompetency.

At the close of the appellant's case the court denied a motion for nonsuit, with permission to renew the motion at the close of all the testimony. The respondent thereupon called two witnesses. The first, a blacksmith, residing at Deer Park, testified that he crossed the Great Northern tracks at Deer

Park about 7 o'clock on the evening in question, going from the hotel to the Masonic hall, and that as he attempted to cross the middle or passing track two cars crashed together immediately in front of him on the passing track, that he passed around the end of the cars and on to the hall and was informed of the death of the brakeman about ten or fifteen minutes thereafter. The front brakeman was recalled by the respondents, and testified that at the time he saw the deceased climbing up the side of the car, as already testified to by him, the car upon which the deceased was riding or climbing had been cut loose from the train, and was passing slowly down the industrial track, and that no other or further switching was done on the industrial track from the time he thus saw the deceased alive until after he met his death. After the introduction of this testimony the motion for a directed judgment was renewed and granted.

It seems to us that the appellant failed to make out a *prima facie* case in the first instance. The testimony left the cause of death a mere matter of speculation and conjecture. Before reaching a verdict the jury would have to find, or rather assume, that the engine or train crashed into the car upon which the deceased was standing, and that such crash was the cause of his death. There is certainly no direct testimony in the record tending to sustain such a finding. If the death of appellant's intestate could only be accounted for through such a crash as that testified to by the several witnesses, there might be some reason or necessity for submitting the case to the jury; but it is a matter of common knowledge that trainmen meet their death every day by slipping or falling from cars and that such hazards are incident to their employment. There are numerous cases in this court where the circumstantial evidence on the part of the plaintiff tended to show the cause of the injury or death with even greater certainty or probability than does the testimony in this record, but in each case this court held that a recovery was unwarranted. *Hanson v. Seattle Lumber Co.*, 31

Wash. 604, 72 Pac. 457; *Armstrong v. Cosmopolis,* 32 Wash. 110, 72 Pac. 1038; *Reidhead v. Skagit County,* 33 Wash. 174, 73 Pac. 1118; *Stratton v. Nichols Lumber Co.,* 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Stone v. Crewdson,* 44 Wash. 691, 87 Pac. 945; *Peterson v. Union Iron Works,* 48 Wash. 505, 93 Pac. 1077; *Olmstead v. Hastings Shingle Mfg. Co.,* 48 Wash. 657, 94 Pac. 474; *Whitehouse v. Bryant Lumber etc. Co.,* 50 Wash. 563, 97 Pac. 751. The same rule obtains and is firmly established in other jurisdictions. *Searles v. Manhattan R. Co.,* 101 N. Y. 661, 5 N. E. 66; *Grant v. Pennsylvania etc. R. Co.,* 133 N. Y. 657, 31 N. E. 220; *Tyndale v. Old Colony R. Co.,* 156 Mass. 503, 31 N. E. 655; *Borden v. Delaware etc. R. Co.,* 131 N. Y. 671, 30 N. E. 586; *Cumberland etc. R. Co. v. State,* 73 Md. 74, 20 Atl. 785, 25 Am. St. 571; *Sorenson v. Menasli Paper etc. Co.,* 56 Wis. 338, 14 N. W. 446; *Manning v. Chicago etc. R. Co.,* 105 Mich. 260, 63 N. W. 312; *Patton v. Texas & Pac. R. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361.

Furthermore, should we concede that the appellant made out a *prima facie* case in the first instance, we think the case made was overcome by the testimony offered by the respondent; and in reaching this conclusion we do not presume to pass upon or determine the effect of conflicting testimony. The testimony offered by the respondent was entirely consistent with that offered by the appellant, but nevertheless it explained away every inference favorable to the appellant that the jury might draw from the circumstances testified to by other witnesses. A crashing together of cars was shown to have occurred upon a track other than that upon which the deceased met his death, and the testimony of the front brakeman shows conclusively that death was not caused in the manner claimed by the appellant. The latter witness was first called by the appellant, and she, in a measure at least, vouched for his credibility. She should not be permitted to say now that he testified truly when he said he saw the deceased on the side of a car, but falsely when he

testified where the car was at the time and to other circumstances surrounding the accident. From a careful examination of the entire record, we are of opinion that the judgment of the court below is free from error, and should be affirmed. It is so ordered.

DUNBAR, PARKER, MOUNT, and CROW, JJ., concur.