[No. 13163. Department One. February 29, 1916.]

ANNA F. FRESCOLN, *as Administratrix etc.*, *Appellant*, v.
PUGET SOUND TRACTION, LIGHT & POWER COMPANY,
*Respondent.*[1]

JUDGMENT—ENTRY—NON OBSTANTE—TIME FOR MOTION—RECORD—
MINUTE RECORD—PRESUMPTIONS. Where the clerk's minutes show a
motion for judgment *non obstante veredicto* before judgment was
entered, and do not show that it was passed upon, his minute entry
of judgment is not a judgment, it being presumed that judgment was
held in abeyance pending formal ruling, especially where the court
notes the informality in the formal judgment reciting that judgment
was so held in abeyance; hence the record shows a timely motion
for judgment *non obstante*.

CARRIERS—INJURY TO PASSENGERS—SETTING DOWN PASSENGERS—
NEGLIGENCE—DEATH—QUESTION FOR JURY. The cause of the death of
a passenger alighting from a pay-as-you-enter street car, is not left
entirely to speculation or conjecture, but is, with the negligence of
the company, a question for the jury, where deceased was seen on
the rear platform of the car when the car was being brought to a
stop, and was next seen lying in the street about fifteen feet in the
rear of the car, and the conductor was seen to reach up and ring
the bell, and go back and pick him up, he having suffered injuries
from which he died; since the movement of the passenger alighting
from such a car with gates is under the control of the conductor,
whose duty it was to hold the car until he had safely alighted, and
the violence and circumstances of the fall make it more probable that
the deceased did not fall in consequence of his negligence, but rather
that he was thrown by a violent starting of the car.

SAME. The fact that the deceased was seen to fall headlong, in-
stead of behind the car, does not take from the jury the question
whether the accident was physically impossible from negligently
starting the car.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered April 9, 1915, in favor of the
defendant, notwithstanding the verdict of a jury rendered
in favor of the plaintiff, in an action for wrongful death. Re-
versed.

*Thos. H. Bain*, for appellant.

*James B. Howe* and *H. S. Elliott*, for respondent.

[1]Reported in 155 Pac. 395.

CHADWICK, J.—Appellant brought this action against the respondent to recover damages for the death of her husband. When appellant had rested her case, respondent moved for a nonsuit, which motion was denied. No testimony was introduced on the part of the respondent. The case went to the jury, and a verdict in the sum of $2,500 was rendered. The clerk made the following entry in the minute book of the court:

"We, the jury in the above entitled cause, do find for the plaintiff in the sum of two thousand five hundred dollars ($2,500).                    Charles D. Taylor, Foreman.

"Upon the reading of the verdict and before the filing of the same, the defendant by its counsel moved the court to set aside the verdict and grant judgment for the defendant notwithstanding the verdict. Whereupon the verdict was filed and judgment is hereby entered thereon."

Thereafter the motion for *judgment non obstante* was noticed for a hearing. The court, after reciting the trial and the rendition of the verdict and the motion for judgment notwithstanding the verdict, made the following recital which is entered in the journals of the court:

"The court having ordered that the entry of the judgment be held in abeyance until the court's decision upon said motion; and said motion of the defendant for judgment notwithstanding the verdict having come regularly on for hearing on April 5, 1915, and both parties being represented by their respective counsel, and arguments of the respective counsel having been heard, and the court being fully advised in the premises;

"Now, therefore, it is hereby ordered, adjudged and decreed that the verdict of the jury entered herein on March 18, 1915, be, and the same is, hereby set aside and held for naught, and it is ordered and adjudged that the plaintiff take nothing by reason of her complaint herein and that the above entitled action be, and the same is, hereby dismissed."

Appellant contends that the entry in the minute book was an entry of judgment. A motion for judgment *non obstante* having been made, the entry in the minute book was not a

judgment. *Mattson v. Griffin Transfer Co.*, *ante* p. 1, 155 Pac. 392. Where the minutes show that a motion *non obstante* was made before a judgment is entered, and they do not show that it was passed upon by the court, we will, as held in the *Mattson* case, presume that the court held its ruling in abeyance pending a formal ruling. This must be so where the court notes the informality of the record by a later and formal order. A similar state of the record was before us in the case of *Beck v. International Harvester Co. of America*, 85 Wash. 413, 148 Pac. 35.

Upon the merits of the case, it seems to have been the opinion of the trial judge that there was no testimony to sustain the verdict. The husband of the appellant was a passenger upon one of the street cars operated by the respondent. The car was a pay-as-you-enter car, having gates which were opened and closed by the employees of the company, and through which passengers could not pass unless they were so opened. The deceased was seen on the rear platform of the car by two witnesses who were driving behind the car in an automobile. The lights of the automobile were lit so as to give a plain view of the street in front of the automobile and of the rear platform of the car. The car stopped and, in obedience to an ordinance of the city, the automobile was stopped while passengers alighted. When the deceased was next observed by the witnesses he was lying in the street about fifteen feet in the rear of the street car. The conductor was seen to reach up and ring the bell. One of the witnesses and the conductor went to the deceased and picked him up. He had suffered injuries from which he subsequently died.

We take it from the argument of respondent that the trial judge was of opinion that the verdict could not be sustained unless it was made to rest upon the ground of *res ipsa loquitur*. Many cases are cited to sustain the proposition that the simple fact that a passenger falls while alighting from a train raises no presumption of negligence on the

part of the carrier. But we think the case does not fall within the rule of *res ipsa loquitur.*

We think the proofs were sufficient to sustain the verdict. The movement of a passenger when alighting from the car was entirely within the control of the respondent's conductor and motorman. As we said in the case of *Ferrell v. Washington Water Power Co.*, 83 Wash. 319, 145 Pac. 442:

"It is a matter of common knowledge that transportation companies are adopting cars of the pay-as-you-enter type, having gates under the control of the motorman or conductor. . . . The books are full of cases where passengers have claimed injuries in consequence of a sudden starting or stopping or jerking or lurching of the car just as they were about to get off or get on. One of the principal objects sought to be accomplished by the use of such cars is to overcome the uncertainty of oral testimony, by the use of a mechanical appliance."

The fact that the deceased could not step off the car until the gate was opened; that it was the duty of the conductor to hold the car until he had stepped safely onto the street below; the fact that he fell with such violence as to bring about a fatal result; the fact that the conductor rang the bell; and the fact that the car was fifteen feet away from the deceased, make it most probable that the deceased did not fall in consequence of any negligence on his part. The proved facts and circumstances indicate rather that, before he had gained a place of safety, the car was started with such violence as to throw him to the ground. We have not overlooked the fact that the witnesses do not testify in terms that the car had started. Neither do they say that it had not. But this, like any other fact, may be proved by circumstantial evidence. When all of the circumstances taken together show a state of facts from which the inference of negligence is reasonably probable, it is the duty of the one charged to explain them away. Otherwise it will be held that the plaintiff has made a *prima facie* case upon which judgment may be entered.

Counsel contend that the deceased may have been injured in many ways. They say:

"Frescoln may have slipped upon the steps; he may have tripped over his well-loaded shopping bag; he may have become entangled in his long ulster; he may have been overcome by a sudden spell of dizziness; the heel of his shoe may have come off. It is not impossible that he may have lost his footing by reason of carelessly misjudging the steps, or by reason of some other negligent act on his part."

Without reviewing the many decisions of this court and other cases cited by counsel in which it has been held that a verdict will not be permitted to rest upon speculation and conjecture, and without receding in any way from the rule as therein announced, it is enough that they have no possible application where the happening of the accident is described by testimony independent of the mere happening of the event. A reasonable probability, sufficient to put one charged with negligence to proof, may be shown by circumstances.

Speculation and conjecture, when used in this connection, mean the same thing. The cause of an accident may be said to be speculative when, from a consideration of all the facts, it is as likely that it happened from one cause as another. As soon as the balance of possibilities is broken, the jury is put to the burden of weighing the evidence. So in the case at bar, the control of the gate and of the movement of passengers; the fact that the design of the car was to prevent just such accidents as was suffered by the deceased; the fact that the car was fifteen feet away when the conductor pulled the bell rope, are sufficient to overcome the possibility that the deceased would have fallen because of the bundles that he carried, or on account of other conditions suggested by counsel, and to put respondent to its proofs.

The cases relied upon by counsel are collected in *Weckter v. Great Northern R. Co.*, 54 Wash. 203, 102 Pac. 1053. This case falls rather within the rule announced in *Helland v. Bridenstine*, 55 Wash. 470, 104 Pac. 626, where the court,

after saying that the plaintiff was not required to prove her case beyond a reasonable doubt, held that "it was only necessary that she, show a chain of circumstances from which the ultimate fact required to be established is reasonably and naturally inferable." In *Ohrstrom v. Tacoma*, 57 Wash. 121, 106 Pac. 629, a case depending upon established circumstances was distinguished from the cases depending upon speculation. In *Graaf v. Vulcan Iron Works*, 59 Wash. 325, 109 Pac. 1016, the same contention was made. The court said:

"The answer to this contention is that the jury has, upon the evidence submitted, weighed the probabilities, exonerated the servant, and found the master guilty of negligence. As we have seen, the respondent offered no testimony. Surely it cannot be said that reasonable minds may not differ as to whether the appellant was negligent."

In *St. Germain v. Potlatch Lumber Co.*, 76 Wash. 102, 135 Pac. 804, St. Germain was riding upon the pilot of a switch engine. No one saw the accident. St. Germain was discovered underneath the pilot. Some circumstances were testified to tending to show a reasonable probability of negligence on the part of defendant. It was there complained that the cause of the accident was speculative and conjectural. The court held the circumstances tending to show a soft roadway, and loose mortise joints in the pilot of the engine, sufficient to carry the case to the jury. The court said:

"A plaintiff in this character of case is not obligated to establish the material facts essential to a recovery beyond a reasonable doubt. Such a rule would amount to a denial of justice. It is sufficient if his evidence affords room for men of reasonable minds to conclude that there is a greater probability that the accident causing the injury happened in such a way as to fix liability upon the person charged with such liability, than it is that it happened in a way for which the person so charged would not be liable. 'There are very few things in human affairs, and especially in litigation involving

damages, that can be established to such absolute certainty as to exclude the possibility, or even some probability, that another cause or reason may have been the true cause or reason for the damage, rather than the one alleged by the plaintiff. But such possibility, or even probability, is not to be allowed to defeat the right of recovery, where the plaintiff has presented to the jury sufficient facts and circumstances surrounding the occurrence as to justify a reasonable juror in concluding that the thing charged was the prime and moving cause.' In other words, the plaintiff is only required to satisfy the jury, by a fair preponderance of the evidence, that the accident causing the death occurred in the manner he contends it did. We think the evidence here justified such a finding, and that there is no cause for sustaining a challenge to the sufficiency of the evidence."

In *Sweeten v. Pacific Power & Light Co.*, 88 Wash. 679, 153 Pac. 1054, we held:

"The cause of an accident, like any other fact, may be proven by circumstantial evidence. Here a sufficient cause of the accident was shown, coupled with circumstances strongly indicating that it was the real cause. The accident was sufficiently accounted for as resulting from contact with the uninsulated wire. It was not incumbent upon respondent to negative every other possible cause. Proof of the exposed condition of the wire, its contact with the tree, the custom of the children to climb the tree at this period of the year, and the finding of the boy at the foot of the tree bearing upon his body fresh electrical burns, made a *prima facie* case which could only be overcome by proof that the death of the child resulted from some other cause. The respondent was not required to prove the cause of the accident beyond a reasonable doubt, but only by a preponderance of the evidence. It is true, as we have often held, a verdict may not rest upon pure speculation, but the correlative is also true that a verdict resting upon competent evidence may not be set aside upon pure speculation. *Dumas v. Walville Lumber Co.*, 64 Wash. 381, 116 Pac. 1091; *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St. 847, 58 L. R. A. 313; *Abrams v. Seattle & Montana R. Co.*, 27 Wash. 507, 68 Pac. 78."

See, also, Thompson, Negligence, § 7863.

The cases principally relied upon by counsel for respondent, other than certain of our own cases, are *Armstrong v. Metropolitan St. R. Co.*, 23 App. Div. 137, 48 N. Y. Supp. 597, and *Paynter v. Bridgeton & M. Traction Co.*, 67 N. J. L. 619, 52 Atl. 367. These cases do not deny but rather affirm our holding. In the first case, the court measured the probabilities and found that the probability of fault on the part of the plaintiff was as great as that on the part of the defendant. "There was positive evidence to the contrary." In the last case, the only thing proved was the fall. "Nothing was proved causing the fall, or any circumstances which could be in any way said to show that the defendant was negligent."

Counsel urge also that the deceased was seen to fall headlong from the car; that if he had been thrown from the car by reason of its starting before he had stepped onto the ground he would have fallen behind rather than away from the car. Meeting the same contention in the case of *Blau v. Puget Sound Traction, Light & Power Co.*, 88 Wash. 260, 152 Pac. 1023, we held that it was for the jury and not for the court to say whether the accident was physically impossible.

We think the case falls within this principle, and the judgment is reversed with instructions to the lower court to enter a judgment upon the verdict.

MORRIS, C. J., FULLERTON, and ELLIS, JJ., concur.