[No. 24515.   Department Two.   August 28, 1933.]

G. M. DROLESBAUGH *et al., Respondents,* v. MARKET
OPERATING CORPORATION, *Appellant.*[1]

*John W. Heal, Jr.,* for appellant.
*Gordon E. Metcalfe,* for respondents.

TOLMAN, J.—By this action, respondents, as plaintiffs, sought recovery for personal injuries sustained by the wife in an elevator accident, complicated by a subsequent miscarriage.  The case was tried to a jury, which returned a verdict in favor of the plaintiffs in the sum of four thousand dollars.  On motion for a new trial, an option was given to the plaintiffs of accepting a reduction of the verdict to the extent of two thousand dollars, and, they accepting the reduction, a judgment on the verdict as reduced was rendered against the defendant in the sum of two thousand dollars, from which in due course it has appealed.

[1]Reported in 24 P. (2d) 627.

The errors assigned include a challenge to the sufficiency of the evidence to take the case to the jury, which is not argued independently, but only incidentally in connection with other assignments upon which apparently more reliance is placed. As this assignment, if sustained, would dispose of the whole case, we first dispose of it. A careful reading of the record reveals substantial evidence sufficient to carry all of the issues to the jury, and there was no error in that respect.

■ In his closing argument to the jury, counsel for respondents made the following statement:

"Now, as to this elevator boy, no doubt they do not know where he went and they do not know where he is now. So I say that if that boy were here today and could take the witness stand and testify in this case, that his testimony would corroborate the testimony of this little woman here and he would say that he pulled the gate there and that door started up quickly."

This was immediately followed by an objection and ruling, which we quote:

"MR. HEAL: I want to object to the statement of counsel about what the elevator boy might have testified to if he were here and ask that it be withdrawn from the jury. THE COURT: The jury will understand that observations of counsel are not evidence. They are permitted to draw certain conclusions and perhaps express their own opinions, but the jury will understand that the statements of counsel are not evidence."

It may be conceded that counsel's statement was an improper one. Its primary vice, and we think its only prejudicial one, lies in the evident purpose to present to the jury as a fact, or that the speaker believed it to be a fact, that the boy, if present, would have given testimony favorable to his clients. Manifestly, counsel in his argument to the jury should not attempt to testify either to a fact material to the issue within his

knowledge, or to his belief in the existence of such a fact which has not been shown to exist by other testimony in the case. The trial court grasped the whole point, and covered it by telling the jury that statements of counsel are not evidence. It is doubtful if anything further or stronger would have been any more effective, but objecting counsel, if he so thought, should have asked for a more explicit instruction.

Most of our cases relating to misconduct of counsel are cited by one side or the other, but it is useless to re-examine and attempt to classify them. No other case is like this in its facts, and rarely are two cases found to be similar. In such matters, each case must be determined from its own facts and from what appears to have been the probable results of the misconduct. We find here no reason to hold that the prejudicial effect of the misconduct was not cured by the court's instruction.

■ Appellant complains of the refusal to give a requested instruction in which was embodied the following language:

"If you should find from the evidence that the lapse of thirty-four days between the accident and the miscarriage, if any, is greatly in excess of the ordinary time in such cases, then there is not sufficient proof that the accident of October 6 was the proximate cause of any miscarriage that may have occurred on November 9."

To have so instructed the jury would have been tantamount to saying that the time element was, in law, sufficient to overcome all of the other facts and circumstances shown in evidence, including the testimony of a medical witness directly saying that, under all the facts shown, it was his opinion that the miscarriage was caused by the injury received in the elevator, notwithstanding the lapse of time. Clearly,

such an instruction would have encroached upon the province of the jury.

On this question the appellant relies upon the case of *Stone v. Crewdson,* 44 Wash. 691, 87 Pac. 945, but except for the number of days elapsing between the supposed cause and the alleged effect, that case bears no similarity to this one. In the *Stone* case, there was no physical injury, but only a mental and nervous one caused by a boisterous manner and bad language. In that case, there was no proof that the acts complained of were the proximate cause of the miscarriage, and it was there shown that any one of many intervening acts might have caused the miscarriage. Here, we have the exact reverse; there was a physical injury, there was substantial proof that the injury was the proximate cause of the miscarriage, and there was substantial proof that there was no other intervening cause. Clearly, the court did not err in refusing to give the requested instruction.

The other requested instruction which was refused contains a correct statement of the law, but the court fully and correctly covered the subject in other instructions, and therefore did not err in refusing to adopt appellant's particular form of language on the subject.

All of the other assignments relate to the amount of the recovery. The trial court exercised his discretion in reducing the verdict, and a careful reading of the evidence convinces us that there was no abuse of discretion in failing to reduce it to a lesser sum, or in failing to grant a new trial because of passion and prejudice on the part of the jury.

The judgment is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.