[No. 12750.   Department Two.   November 17, 1915.]

TURE HENDRICKSON, *Respondent*, v. GRAYS HARBOR RAILWAY & LIGHT COMPANY, *Appellant*.[1]

CARRIERS—INJURY TO PASSENGERS—TAKING ON PASSENGERS—SUDDEN JERKS—NEGLIGENCE—QUESTION FOR JURY.  The negligence of the motorman on a street car in suddenly applying the power while the car was moving slowly, giving the car a jerk, immediately upon seeing an intending passenger step on the lower step of the front platform, is a question for the jury, where the passenger was thereby thrown down and under the car.

SAME—TAKING ON PASSENGERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.  The contributory negligence of plaintiff in attempting to board a street car in motion, is a question for the jury, where it appears that the car was moving slowly, not faster than a person ordinarily walks, and was very near its regular stopping place for taking on and letting off passengers.

SAME—TAKING ON PASSENGERS—SUDDEN JERKS—PROXIMATE CAUSE.  In the absence of contributory negligence in attempting to board a street car in motion, the company would be liable if the motorman's negligent sudden jerking of the car forward was a contributing, proximate cause of the accident; it not being necessary that it be alone the cause.

SAME—TAKING ON PASSENGERS—DEGREE OF CARE.  In an action for injuries sustained in attempting to board a moving street car, in which the jury was instructed that the company was only required to exercise ordinary care to avoid injuring the plaintiff, it is immaterial whether he was or was not a passenger in a legal sense.

[1]Reported in 152 Pac. 992.

SAME—TAKING ON PASSENGERS—EVIDENCE. In an action for injuries sustained in attempting to board a moving street car, very near its usual stopping place, it is immaterial that the particular car was on its way to the barn and it was not the custom for it to carry passengers, where plaintiff was not aware of such fact and sought in good faith to become a passenger.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 21, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger entering a street car. Affirmed.

*Bridges & Bruener*, for appellant.

*W. H. Abel* and *C. W. Smith*, for respondent.

PARKER, J.—The plaintiff seeks recovery of damages claimed by him to be the result of negligence of the defendant in the operation of one of its street cars while he was in the act of entering the car with the view of becoming a passenger thereon. The trial in the superior court with a jury resulted in verdict and judgment against the defendant for the sum of $2,500, from which it has appealed to this court.

Counsel for appellant first contend that the verdict and judgment must fall for want of evidence to support them. There is competent evidence, though by no means free from conflict, tending to show, and ample to warrant the jury in believing, the following facts to be established: Appellant owns and operates a street railway system in the city of Hoquiam. One of its lines runs along "I" street and another along Eighth street. These streets intersect each other at right angles in the business center of the city. We shall assume that "I" street runs north and south and that Eighth street runs east and west, though this is only approximately true. The car on the "I" street line carries passengers from Eighth street north, only, though the "I" street track connects with the Eighth street track by a curve and a switch at a point a short distance west of "I" street. Shortly after

midnight at the close of each day's work, the "I" street car proceeds by way of this switch over the Eighth street track eastward to the car barns. This car is not supposed to carry passengers when so proceeding east on Eighth street. It is the custom of all cars to take on passengers at the far side of street crossings, that is, a car proceeding east on Eighth street would stop and take on passengers on the east side of "I" street.

Shortly after midnight on June 20, 1914, respondent was on the south side of Eighth street some one hundred feet east of "I" street. He saw the "I" street car approaching on Eighth street from the west, and possibly he saw it pass from "I" street onto Eighth street, though this is not clear. He then approached "I" street with a view of becoming a passenger on the car at the usual stopping place for passengers. The south front door of the car was open. The south rear door was closed. He was on that side of the track, and when the rear of the car was within two or three feet of the east side of "I" street he was opposite the front door. The car was then moving slowly, not faster than a person would ordinarily walk. He then stepped on the lower step of the front platform and took hold of the handholds at the sides of the entrance. The motorman saw him do this. Immediately the motorman put on the power, giving the car a jerk forward, which threw respondent off the step, causing him to fall in such a position that one of his legs was run over by the car, necessitating amputation of his leg a few inches below the knee.

It seems quite plain to us that the question of the motorman's negligence and of his negligence being a contributing cause to respondent's injury was for the jury to decide, in the light of the evidence tending to show the facts we have above summarized. Indeed, we do not understand counsel for appellant to seriously contend otherwise; but counsel do contend that the evidence does not support the verdict and judgment because of respondent's contributory negligence, in

that he attempted to enter the car while it was in motion, and that it should be so decided as a matter of law. Some argument is made upon the assumption that the car had passed the usual place of taking on passengers a considerable distance, that the doors were all closed, and that it was proceeding at a speed of some ten or fifteen miles an hour. While there was evidence tending to so show, we are not permitted to assume such fact, in view of the other evidence which plainly the jury were warranted in believing. So the real question upon this branch of the case is, can respondent be held to be guilty of contributory negligence as a matter of law? The late Justice McClain of the supreme court of Iowa in his article on carriers, 6 Cyc. 644, commenting upon the question of negligence as being one of law or of fact in the getting on board of moving trains or cars, after noticing the rule as applied to steam cars, observes:

"As to street-cars, the general doctrine that it indicates negligence to attempt to get on board while moving is not so strictly applied, and it has been announced in a great majority of cases in which the subject has been passed on that it is not negligence *per se* to do so. More particularly it has been held not to be negligence in itself to attempt to board a street-car after it has been slowed up in response to a signal of one desiring to get on board, although it has not come to a full stop. But in general the question is one of fact for the jury, to be determined under the circumstances of the case."

This view is expressed in substance by the learned editors in 5 R. C. L. 36. Of the numerous decisions supporting this view, we note *Cicero & P. St. R. Co. v. Meixner*, 160 Ill. 320, 43 N. E. 823, 31 L. R. A. 331, where the question is reviewed at length. This doctrine is particularly applicable here, since it seems to be subject to no exception in cases where the car is very near the usual place of taking on passengers, moving slowly and with its platform door open. We conclude that the question of respondent's contributory negligence,

as well as the motorman's negligence, were for the jury to determine in this case.

It is further contended by counsel for appellant that the court erred in refusing to give certain of their requested instructions. The thought thus sought to be placed before the jury was, in substance, that the respondent could not recover unless the negligent sudden jerking forward of the car by the motorman, if the jury believed that it was so suddenly jerked forward, "was alone the cause of the plaintiff's injury." It seems plain to us that appellant was not entitled to have the jury understand this to be the law, since it would plainly be enough to support respondent's recovery that the motorman's negligent jerking the car forward was a contributing proximate cause of the injury, in the absence of respondent's contributory negligence. *Coe v. Northern Pac. R. Co.*, 30 Wash. 654, 71 Pac. 182; *Akin v. Bradley Eng. & Mach. Co.*, 48 Wash. 97, 92 Pac. 903, 14 L. R. A. (N. S.) 586; *Atwood v. Washington Water Power Co.*, 79 Wash. 427, 140 Pac. 343; *Rice v. Puget Sound Traction, L. & P. Co.*, 80 Wash. 47, 141 Pac. 191, L. R. A. 1915A 797; 29 Cyc. 496. It seems to be argued that the expression in the requested instruction of the thought that the negligent jerking forward of the car must alone have been the cause of respondent's injury, to entitle him to recover, meant no more than that there must not have been any concurring negligence on the part of respondent, to entitle him to recover. We think it plain, however, from a reading of the court's instructions as a whole, they plainly told the jury that the respondent must not have contributed by his own negligence to his injury, and that if he did so he could not recover. We are quite clear that there was no prejudicial error in the refusal of the court to give the requested instructions or in the giving of the court's instructions.

Some argument is made by counsel for appellant touching the question of respondent being a passenger, and the degree of care appellant's servants would be required to exercise if

he were a passenger. This question, we think, is of no moment here, in view of the fact that, by the court's instructions, the jury were plainly given to understand that appellant's servants were only required to exercise ordinary care looking to the avoiding of injuring respondent. Plainly, the high degree of care imposed upon carriers, looking to the protection of passengers, was not by the court's instructions in this case imposed upon appellant. It is therefore immaterial as to whether respondent was or was not a passenger in a legal sense.

While the evidence shows, probably beyond dispute, that it was not the custom of this "I" street car to take on passengers at any point along Eighth street when returning to the car barns after its day's work, there is nothing in the record to show respondent's knowledge of such custom. Under all the circumstances shown, we think that the jury might well conclude that the respondent approached the car with the view of becoming a passenger thereon in good faith, believing he had the right so to do.

We conclude that the record shows no prejudicial error against appellant, and that the judgment must therefore be affirmed. It is so ordered.

MAIN, MOUNT, and HOLCOMB, JJ., concur.