[No. 12837. Department One. December 23, 1915.]

ALLAN S. SWEETEN, *Respondent*, v. PACIFIC POWER & LIGHT COMPANY, *Appellant*.[1]

ELECTRICITY — CAUSE OF DEATH — EVIDENCE — SUFFICIENCY. Electrical burns, as the cause of the death of a child, eight years of age, is *prima facie* sufficiently shown by proof that the insulation of power wires had been burned off where the wires came in contact with and burned a tree, that it was customary for children to climb the tree at that season and the boy's body was found at the foot of the tree with his neck broken and fresh electrical burns on his hands and legs, and that it had rained and conditions were favorable to the passing of an electrical current through his body in case of contact, which was the only way in which the burns could have been received.

DEATH—WRONGFUL ACT—DEATH OF CHILD—DAMAGES—LOSS OF SERVICES—NECESSITY OF EVIDENCE. In an action for the death of a bright, healthy child, eight years of age, the jury may estimate the pecuniary loss and award substantial damages without direct evidence of the probable value of his services had he lived to majority; in view of Rem. & Bal. Code, § 184, permitting a recovery for wrongful death of a child of tender years.

ELECTRICITY—NEGLIGENCE — EVIDENCE — SUFFICIENCY. The negligence of a power company, resulting in the death of a child, is suffi-

[1]Reported in 153 Pac. 1054.

ciently established where it appears that its highly charged power wire had become uninsulated where it passed through a tree which children were accustomed to climb, in a public alley, to the knowledge of the company, and was allowed to remain so for weeks and possibly years; and it is no excuse that the company was prohibited by statute and ordinance from cutting down or injuring the tree without first obtaining permission; the ordinance requiring the wires to be insulated and so connected up as not to form a "ground."

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered February 9, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Englehart & Rigg* and *John A. Laing*, for appellant.

*Snively & Bounds*, for respondent.

ELLIS, J.—Action by the father to recover damages for the wrongful death of a minor child. There is no real conflict in the evidence. On and prior to May 15, 1914, the defendant was operating an electric lighting and power line in the city of North Yakima, Washington, under a franchise granted by the city to its predecessor in interest authorizing the maintenance of poles and wires in the streets and alleys of the city. The defendant's power line ran through a public alley in the northern part of the city, a wire carrying about 2,300 volts being suspended upon poles approximately twenty-seven feet above ground. In the alley was a cotton wood tree which, it seems to be conceded, did not reach the wires at the time the defendant's system was first installed, but during the intervening years had grown up so that the top of the body of the tree extended some distance above the wires. The alley was unenclosed and was a usual playground for the children of the neighborhood, many of whom were accustomed in the springtime to climb the tree for cotton balls which at that season it bore. The tree had slats nailed to it and the children could easily climb up and down. The initials of many children were carved upon the body of the

tree near where the power wire passed.   The insulation of
the wire where it extended through the tree was worn off in
at least two places where the wire came in contact with the
tree when swayed by the wind.   Where this contact occurred,
the tree was burned and charred to a depth of three or four
inches, and for several inches in length.   This, as the city
electrical inspector testified, would indicate that the wire
must have come in contact with the tree for weeks, months,
or possibly years.   There was some evidence that, in the night-
time, when the wire came in contact with the tree, there were
flashes of electric light, which had been noticed for a long
time prior to the accident.   One witness, who lived near the
tree, noticing this, some thirty days before the accident, re-
ported it to the defendant's manager, urging that the con-
dition be remedied as it was very dangerous for the children.
A promise was given but nothing was done.

Between four and five o'clock on the afternoon of May 15,
1914, George Alexander Sweeten, a boy of eight years,
bright, healthy and of much promise, the son of the plain-
tiff, left home to bring a horse feeding on the commons near
the tree in question.   Between five-twenty and five-thirty, a
man who lived a short distance from the tree heard a horse
snort as if frightened, and, on going to the alley, found the
dead body of the boy under the tree in question.   The horse
was tied near by in the alley.   He carried the boy into his
residence and two doctors were called.   An examination
showed that the boy's neck was broken.   There was an elec-
trical burn upon the middle finger of the left hand and
another and larger electrical burn upon the left leg between
the ankle and the knee.   The stocking on this leg was burned,
and around the burn in the stocking was burned and seared
flesh.   It had rained on that day and the wind was blowing.
The boy's stockings were damp.   These conditions, as the
evidence shows, were such as likely to cause the electric cur-
rent to pass through the boy if he came in contact with the
uninsulated wire with his hand, his leg being in contact with

the tree.    Both of the physicians testified that the burns were electrical burns.    There was no evidence whatever that such burns were or could have been received except by coming in contact with the wire in question.    At the close of the evidence, the defendant moved for a directed verdict, which was refused.    The jury returned a verdict in favor of the plaintiff for $2,593.    The defendant moved for a new trial, but afterwards withdrew the motion.    From the judgment on the verdict, the defendant appeals.

The appellant contends that the evidence was insufficient to sustain the verdict in that, *first*, there was no evidence to prove the actual cause of the accident resulting in the child's death; *second*, there was no evidence of the value of the services of the child; *third*, there was no evidence that appellant was negligent.

*First:*    The cause of an accident, like any other fact, may be proven by circumstantial evidence.    Here a sufficient cause of the accident was shown, coupled with circumstances strongly indicating that it was the real cause.    The accident was sufficiently accounted for as resulting from contact with the uninsulated wire.    It was not incumbent upon respondent to negative every other possible cause.    Proof of the exposed condition of the wire, its contact with the tree, the custom of the children to climb the tree at this period of the year, and the finding of the boy at the foot of the tree bearing upon his body fresh electrical burns, made a *prima facie* case which could only be overcome by proof that the death of the child resulted from some other cause.    The respondent was not required to prove the cause of the accident beyond a reasonable doubt, but only by a preponderance of the evidence.    It is true, as we have often held, a verdict may not rest upon pure speculation, but the correlative is also true that a verdict resting upon competent evidence may not be set aside upon pure speculation.    *Dumas v. Walville Lumber Co.*, 64 Wash. 381, 116 Pac. 1091; *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St.

847, 58 L. R. A. 313; *Abrams v. Seattle & Montana R. Co.,*
27 Wash. 507, 68 Pac. 78.

*Second:* The claim that there was a fatal lack of proof,
in that there was no evidence as to the probable value of the
services of the child had he lived to his majority, is without
merit.   In such a case it is within the province of the jury,
knowing the age, health and capacity of the child and the
situation of the parent, to form an estimate of the pecuniary
loss to the parent, present or prospective, resulting from the
death of the child, and thereon award substantial damages.
*Atrops v. Costello,* 8 Wash. 149, 35 Pac. 620; *Atkeson v.
Jackson Estate,* 72 Wash. 233, 130 Pac. 102.   In the nature
of the case, direct evidence of specific pecuniary loss would
be impracticable, not to say impossible.   To hold that, with-
out such direct evidence, no recovery beyond nominal dam-
ages could be had, would render nugatory the statute per-
mitting a recovery for wrongful death, Rem. & Bal. Code,
§ 184 (P. C. 81 § 17), as applied to the loss of a child of
tender years.   *Ihl v. Forty-Second St. etc. R. Co.,* 47 N. Y.
317, 7 Am. Rep. 450.

*Third:*   The appellant's negligence was established be-
yond a reasonable doubt.   It permitted a highly charged
wire, passing through a tree in a public alley where it knew
children were wont to play, to become uninsulated and so
remain for weeks and, as the evidence shows, possibly for
years.   It was not only charged with knowledge of the fact
that the insulation was worn, since the undisputed evidence
shows that any sort of inspection would develop that fact,
but it also had actual notice of that fact and had been warned
of the incident danger.   It took no steps to remedy the situa-
tion.   It is idle to argue that it was the duty of the city to
remove the tree, that the sole negligence was that of the
city in allowing the tree to grow up around the wire, and
that the appellant was not negligent because it was pro-
hibited by statute, Rem. & Bal. Code, § 2659, subd. 2 (P. C.
135 § 811), and by an ordinance of the city from cutting,

girdling or otherwise injuring shade trees. The argument overlooks the plain fact that the burn on the tree was in itself a violation of both statute and ordinance. Moreover, neither statute nor ordinance would have prevented the appellant from securing from the city permission to trim or even cut down the tree if necessary. Above all, this argument strangely overlooks the fact that it was the duty of the appellant to see that its wires were kept insulated in any event. The ordinance under which alone it had the right to erect and maintain the power line in this public alley provides:

"The said wires shall be insulated and carefully connected and fastened so as not to come in contact with any object through which a 'ground' could be formed." Ordinance No. 424.

Considering the dangerous character of the agency involved, the appellant, in view of all the circumstances shown in evidence, was guilty of gross negligence. *Temple v. McComb City Elec. Light & Power Co.*, 89 Miss. 1, 42 South. 874, 119 Am. St. 698.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.