[No. 13327. Department One. December 12, 1916.]

E. H. KRANZUSCH, *Respondent*, v. TRUSTEE COMPANY, *Appellant*.[1]

APPEAL—DISMISSAL—ABSTRACT—SUFFICIENCY. Under Rem. 1915 Code, § 1730-6, insufficiency of the abstract of the evidence or of its index is not ground for dismissal of the appeal, but only for motion to amend the abstract, upon terms.

APPEAL—RECORD—SUPPLEMENTAL ABSTRACT. A supplemental transcript containing matters not introduced in evidence and in no way material to the appeal will be struck out on motion.

SAME. Where the appellants' abstract on appeal is deemed insufficient, the respondent is privileged to file a supplemental abstract, even if it goes over the same ground; and if it be too full, the remedy is by motion to correct it, and not to strike.

CARRIERS—OF PASSENGERS—ELEVATORS—NEGLIGENCE—EVIDENCE—SUFFICIENCY. Evidence that a child entered an elevator holding its mother's hand and that the elevator started quickly with a sudden movement before the child had fairly entered, and that he fell to the floor of the cage, toward the open door and was caught by a projecting floor or mechanism of a projecting indicator over the door, warrants a finding of negligence in the operation and maintenance of the elevator; it being negligence to leave projecting floors or mechanism in the elevator well and at the same time operate the elevator cage with an open door.

DEATH—DAMAGES—INFANT—EVIDENCE—ADMISSIBILITY. In an action for the death of a minor child, evidence of the earning power of the child during minority is admissible.

EVIDENCE—OPINION EVIDENCE—EXPERTS—QUALIFICATION—ADMISSIBILITY. Upon an issue as to the earning power of a minor child, the qualification of the witness to testify as an expert as to the cost of rearing and educating the child is largely a matter of discretion, and the ruling will not be disturbed except for manifest abuse of discretion.

DEATH—MEASURE OF DAMAGES—EXCESSIVE DAMAGES. A verdict for $3,576 for the wrongful death of a son, four years of age, will not be held excessive, in the absence of an affirmative showing of passion or prejudice; since substantial damages may be awarded.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 22, 1915, upon

[1]Reported in 161 Pac. 492.

the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Smith & Mack*, for appellant.

*A. E. Gallagher*, for respondent.

FULLERTON, J.—Plaintiff's minor child, four years of age, was accidentally killed while a passenger in an elevator operated in an office building belonging to defendant. In an action for damages for such death, judgment was rendered in favor of plaintiff upon a verdict awarding $3,576. The defendant appeals.

The respondent presents a motion to dismiss the appeal based on the grounds, (1) that appellant's abstract of record does not contain sufficient of the evidence and records to enable the court to pass upon the merits of the appeal, and that the evidence given is misstated; and (2) that the abstract is not indexed as required by statute and rules of court, in that the testimony of the witnesses is merely indexed under the head "Evidence, pages 4 to 30," without specially indexing the names of the individual witnesses. In respect to the motion, it suffices to say that the insufficiency of the abstract is not ground for dismissing the appeal, under Laws of 1915, p. 302, § 6 (Rem. 1915 Code, § 1730-6). By that section it is provided that, when the appellant's abstract of record is found to be "insufficient and defective under the terms of this act or the rules of the supreme court, the appeal shall not be dismissed by reason thereof, but the appellant may be allowed to file an amended or supplementary abstract . . . upon such terms as may be fixed by the order of the supreme court." The motion is not to require the abstract to be amended, hence its defects need not be considered.

The appellant moves to strike the supplemental transcript filed by respondent. This sets out the motion for new trial, order of court, and verdict of the jury in a prior trial of this same cause. The matter was not introduced in evidence,

and we find it in no way material to the present appeal from the judgment on a second trial.   The motion is granted.

The appellant also moves to strike respondent's supplemental abstract for the reason that it is a repetition of the original abstract, set out in ampler form and largely by questions and answers.   This motion is denied.   The supplemental abstract perhaps does go over the same ground as the original, but it is the respondent's privilege to file such an abstract where he deems the abstract presented by appellant inadequate or incorrect.   Seemingly, the abstract is more full than the necessities of the case required, but the same rule applies to a supplemental abstract that applies to an original one; the remedy is to move to correct it, not to strike.

The principal ground urged as error is the insufficiency of the evidence to sustain the verdict.   The assignments suggesting the question are grouped and argued by the appellant under the one head; namely, did the plaintiff make a case for the jury on any grounds of negligence alleged or proven.

The mother of the child and the child entered the elevator of the defendant's building on the second floor landing for the purpose of going to one of the floors above.   The elevator was entered through a sliding door placed in the grill work which enclosed the elevator shaft or well.   This grill work was set back three and one-half inches from the well, and extended upward to within four inches of the ceiling above. Across the gap of three and one-half inches, between the grill work and the well in which the cage moved up and down, the third floor projected horizontally into the well some three inches, forming, in connection with the grill work, a sort of cavity.   The indicator, which showed passengers at what floor the moving cage was located, was placed above the sliding door in the grill work.   This indicator was operated by a shaft on which were a wheel and set screw; this mechanism of shaft, wheel and screw extending into the open space on

the inside of the grill work about two and one-half inches. The movement of the elevator cage up and down would bring this wheel and set screw directly opposite the door of the cage. The cage had no inside door, and the door space was always open as the cage passed by the indicator mechanism thus extending toward the well, and as it passed the floor projecting into the well.

Respecting the manner of the child's death, there is no dispute in the evidence. In some way the child was thrown down at about the time the elevator started, so that his body protruded beyond the open door of the elevator cage, permitting it to be caught between the elevator floor and projecting floor of the building, drawn from the elevator cage and dropped to the bottom of the well as the elevator passed on. The evidence as to how the boy got into his precarious position is not so satisfactory. There were but two witnesses, the mother of the child and the elevator operator. Their testimony was conflicting. The mother testified—and it was the privilege of the jury to believe her—that she entered the elevator ahead of the child, holding him by the hand; that the elevator started quickly with a sudden movement before the child had fairly entered the elevator cage; that he was jerked from her hand, and fell to the floor of the cage; that he fell towards the door so that his body partially protruded through the door from the floor of the cage, and was caught on the projecting upper floor of the building as the elevator passed it. From this we think the jury were warranted in drawing the inference that the boy was thrown down either by the too sudden starting of the elevator, or that he was caught and thrown down by the projecting mechanism of the indicator, before he had fairly entered the elevator. Either finding would justify a finding of negligence.

We think, also, that the jury were warranted in finding that the elevator was negligently constructed and inherently dangerous, and that this was the cause of the death of the child. It may not be negligence in itself to leave projecting

floors in the elevator well, or to construct indicators so that they project into the well. Nor, perhaps, is it negligence in itself to operate an elevator cage with an open door. But to operate an elevator where there is a combination of these conditions is negligence. We need not go beyond our own reports to discover that similar combinations have been the cause of a number of accidents even to grown persons, and that at least one other child has lost its life by reason of it. Proprietors of elevators are held to that same high degree of care other carriers of passengers are held, and it would be too much to say that the law forbids a recovery for an accident shown to have been caused by such conditions as were shown here. *Atkeson v. Jackson Estate,* 72 Wash. 233, 130 Pac. 102, 44 L. R. A. (N. S.) 349; *Hendrickson v. Grays Harbor R. & Light Co.,* 88 Wash. 145, 152 Pac. 992; *Sweeten v. Pacific Power & Light Co.,* 88 Wash. 679, 153 Pac. 1054; *Davis v. Burke,* 90 Wash. 495, 156 Pac. 525; *Frescoln v. Puget Sound Traction, Light & Power Co.,* 90 Wash. 59, 155 Pac. 395.

The appellant further contends that the court erred in its rulings, both in the admission and exclusion of evidence. The evidence admitted which was objected to concerned the earning power of a boy during his minority. This evidence was plainly admissible. True, the witness' experience related to only one particular calling, but this did not render his testimony inadmissible, however much it might detract from the weight which should be given to it. On the other branch of the objection, the appellant complains that the court refused to permit it to show the cost of rearing the child, particularly in view of the fact that it was expected to give him the benefit of the common schools and a college education. But this is hardly a fair statement of the court's ruling. The court did not deny to the appellant the right to offer evidence upon the fact, but denied him the right to offer the evidence of a particular witness, holding that the witness had not qualified himself to testify thereon. The qualification of a witness to

testify as an expert on a subject requiring peculiar or special knowledge is largely a matter of discretion with the trial court, and its ruling thereon will not be reversed unless there has been a manifest abuse of that discretion. *Traver v. Spokane St. R. Co.*, 25 Wash. 225, 65 Pac. 284; *Halverson v. Seattle Elec. Co.*, 35 Wash. 600, 77 Pac. 1058; *Czarecki v. Seattle & S. F. R. & Nav. Co.*, 30 Wash. 288, 70 Pac. 750. The ruling here shows no such manifest abuse as to require a reversal.

Finally, it is urged that the verdict is not justified by the evidence, being too large. But the jury were entitled to return substantial damages. *Sweeten v. Pacific Power & Light Co.*, 88 Wash. 679, 153 Pac. 1054. From the nature of the case, the amount of the damages could not be specifically proven. All the jury could do was to take into consideration the age, health and capacity of the child, the situation of the parents, and award such damages as to them should seem just. Actions of this kind are specially permitted by statute; Rem. 1915 Code, § 184; and the verdict should not be interfered with unless it appears affirmatively that it was the result of passion or prejudice, or so grossly exceeds a just award that this result must be presumed. No such condition appears here.

The judgment is affirmed.

MOUNT, CHADWICK, and ELLIS, JJ., concur.