[No. 13559.  Department Two.  January 26, 1917.]

ALICE L. LICHTENBERG *et al.*, *Respondents*, v. THE CITY OF
SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS — PROXIMATE CAUSE
—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.  In an action for
personal injuries sustained in a fall when plaintiff stepped from a
bus to the pavement, the fact of stepping upon a defective iron grat-
ing in the pavement, which was the proximate cause of the accident,
is not left to speculation or conjecture, but is properly a question for
the jury, where it appears that the grating was between the bus and
the sidewalk, that it was broken and covered with trash, that the
plaintiff stepped on something that gave way and caught her foot,
and caused her to fall upon the edge of the sidewalk.

SAME—DEFECTIVE STREETS—CITY'S NOTICE OF DEFECT—EVIDENCE.
There is sufficient evidence that the city had notice of a defect in an
iron grating in a pavement, where it appears that the grating was
broken and out of repair in June, and that city employees cleaned
it nearly every day until November, and there was no evidence that
it had been changed.

WITNESSES—COMPETENCY.  A witness is competent to testify that
she had noticed a broken iron grating at a certain place some months
before, although she could not identify the particular grating of-
fered in evidence, where she said it looked the same and she was
satisfied it was the same grating.

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—CONTRIBUTORY NEG-
LIGENCE—QUESTION FOR JURY.  The contributory negligence of the
plaintiff in stepping from a jitney bus onto a defective iron grating
in the pavement is a question for the jury, where it appears that the
grating was between the bus and the sidewalk, that it was covered
with trash, and the plaintiff could not see the defect.

Appeal from a judgment of the superior court for King
county, Smith, J., entered April 11, 1916, upon the verdict
of a jury rendered in favor of the plaintiffs, in an action for
personal injuries sustained through a defect in a street.  Af-
firmed.

*Hugh M. Caldwell, Frank S. Griffith,* and *Walter F. Meier,*
for appellant.

*Blair & Blinn,* for respondents.

[1]Reported in 162 Pac. 534.

Mount, J.—The respondents recovered a judgment for five hundred dollars for personal injuries to Mrs. Lichtenberg. The defendant has appealed from that judgment.

It appears that, on the 11th day of November, 1915, Mrs. Lichtenberg took passage in a jitney bus, from 30th and Jackson streets, in the city of Seattle, to the northwest corner of Third avenue and Columbia street. At this corner there is a sewer intake set against the curb and extending into the street about eight inches. This sewer intake is covered with an iron grating. The jitney bus, in which Mrs. Lichtenberg was riding, stopped at this corner of the street, about three feet from the sidewalk and in front of the iron grating. Mrs. Lichtenberg did not see the iron grating. It was too far for her to step from the running-board of the automobile to the sidewalk, and she stepped down and upon the pavement. Her foot was caught in the broken iron grating. She fell upon the curb of the sidewalk and broke her arm. In describing how the accident happened, she said:

"I got out of the machine and I felt something give way under my foot, and my shoe seemed to catch in something, I could not get it free and it—and it throwed me and I·don't remember very much for a few minutes. It kind of dazed me. The first thing I remember is of someone holding me up from the back, under my arms."

She then testified as follows:

"Q. Tell the jury about how far the automobile stopped away from the curb, if you know? A. Well I don't know as I know exactly, but I know it was too far ·for me to step from the machine on to the sidewalk. Q. Where did you step? A. Down on the street. Q. On the paved part of the street? A. Yes, sir. Q. What was the condition of the street as to there being running water there? A. I know it was raining very hard and the water seemed to be running in the street, on the sides. Q. Right down next to the gutter? A. Yes, sir."

The evidence shows that, when Mrs. Lichtenberg was picked up, she was lying upon the edge of the sidewalk,

with her feet across this intake; that the grating over the intake was a cast-iron grating; and that one corner and one of the bars were broken off, so as to leave quite a large hole in the iron grating.

It is argued by the appellant that there is no evidence to show that Mrs. Lichtenberg stepped upon this iron grating, and, if the iron grating was defective and out of repair, there is no evidence to show that that condition of the grating was the proximate cause of the injury; that the jury could not reach the conclusion that Mrs. Lichtenberg was injured upon this grating without resorting to conjecture, guesswork and surmise; and that, for this reason, the trial court should have directed a verdict in favor of the appellant and should have granted a judgment notwithstanding the verdict. This court has frequently held that juries will not be permitted to arrive at verdicts by conjecture. *Jock v. Columbia & Puget Sound R. Co.*, 53 Wash. 437, 102 Pac. 405; *Armstrong v. Cosmopolis*, 32 Wash. 110, 72 Pac. 1038; *Anton v. Chicago, Milwaukee & St. Paul R. Co.*, 92 Wash. 305, 159 Pac. 115. But it is also held that:

"Negligence, while never presumed, may nevertheless be proved, like any other fact, by circumstantial evidence." *Jensen v. Schlenz*, 89 Wash. 268, 154 Pac. 159.

See, also, *Sweeten v. Pacific Power & Light Co.*, 88 Wash. 679, 153 Pac. 1054; *Abrams v. Seattle & Montana R. Co.*, 27 Wash. 507, 68 Pac. 78; *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St. 847, 58 L. R. A. 313.

We think the evidence and the circumstances shown in this case take it out of the rule of conjecture. It is true, the respondent Mrs. Lichtenberg testified that she stepped upon the pavement, but it is apparent that she meant that she stepped down upon the street which was paved. The automobile in which she was riding stopped about three feet from the curb of the sidewalk. It stopped in front of this iron grating. The distance was too far for her to step from

the automobile upon the sidewalk, and she stepped down upon the street. She, no doubt, stepped from the car upon the iron grating. The defective condition of this iron grating was not apparent to her. The testimony shows it was covered with some papers and trash which had washed into it. She says her foot caught in something and she could not get it free and it threw her. The fact that the iron grating was broken, the fact that the iron grating was between the automobile and the sidewalk, the fact that she stepped on something which apparently gave way under her foot, and caught her foot and she could not get it free and when she fell, lay across the grating, we think, show almost conclusively that she stepped upon the defective iron grating which caused her injury. We are of the opinion, therefore, that this case is not controlled by the rule of speculation and conjecture, but is controlled by the rule that the cause of the injury may be proved by circumstances.

The appellant further contends that there is no evidence of the fact that the city had notice of the defective condition of this iron grating. One witness testified that she noticed this iron grating and its broken condition in June before the accident, which happened in November. The evidence also shows that the servants of the city passed by this grating and cleaned it off most every day. If the iron grating was broken and defective in June, the presumption would be that it remained that way until November, unless there was some evidence to show that it had been changed in the meantime, and there was none. We think this evidence was sufficient to show that the city had notice, or should have taken notice, of the condition of the grating. We think the evidence was clearly competent. It is true this witness said she could not identify the particular grating which was offered in evidence, but she finally testified that it looked the same, and that she was satisfied it was the same grating.

It is finally argued by the appellant that the respondent was guilty of contributory negligence in stepping upon the

grating, and that, therefore, she should not recover. Whether she was guilty of contributory negligence, under the circumstances which we have hereinbefore stated, was clearly a question for the jury.

We find no error in the record, and the judgment is therefore affirmed.

HOLCOMB, FULLERTON, and PARKER, JJ., concur.