[No. 15150.　Department Two.　January 22, 1919.]

CONNECTICUT INVESTMENT COMPANY, *Respondent*, v.
GEORGE YOKOM, *Appellant*.[1]

APPEAL (322-1)—RECORD—ABSTRACTS.　A motion to strike is not
the proper remedy to correct a defective abstract.

SAME (322-1).　Where an abstract of the record fails to comply
with Rule VI, giving the form and requiring the testimony to be
set out in "chronological order," the appellant will be required, on
motion, to prepare and file an abstract in conformity to the rule;
and it is immaterial that the form used is claimed to conduce to
clearness.

Motion filed in the supreme court December 2, 1918,
to strike appellant's abstract and affirm the judgment,
or to strike the abstract and require the filing of an
abstract conforming to the rules of court.　Granted
as to second part of motion.

*C. E. Ellis* and *C. W. Swanson*, for appellant.

*Zent & Powell*, for respondent.

MAIN, J.—This is a motion by the respondent to
strike the appellant's abstract and affirm the judg-
ment, and, in the alternative, to strike the abstract and
require the appellant to prepare and file an abstract
in conformity with the rules of this court.

The first part of the motion cannot be granted.　Laws
of 1915, ch. 104, p. 302, § 6 (Rem. Code, § 1730-6).
*Kranzusch v. Trustee Co.*, 93 Wash. 629, 161 Pac. 492;
*Wishkah Boom Co. v. Greenwood Timber Co.*, 100
Wash. 472, 171 Pac. 234.

The second part of the motion requires considera-
tion.　The objection to the abstract appears to be that
that portion thereof which is devoted to abstracting

[1]Reported in 178 Pac. 628.

the testimony is not in conformity with the rules. Rule VI sets out a form by which abstracts are to be prepared, and specifies in detail the method of their preparation. This rule, among other things, provides that, in all cases the events of the trial are to be followed in their "chronological" order. The portion of the rule which covers the method of abstracting the testimony and the form by which the testimony is to be abstracted is as follows:

"Evidence.

"Titus Oates was called and sworn as a witness on behalf of the plaintiff and in answer to interrogatories propounded to him by A. B., of the attorneys for the plaintiff, testified as follows:

(Set out his direct testimony in narrative, unless the question and answer is necessary to an understanding of the error claimed. If the witness identifies an exhibit, and the exhibit is introduced in evidence, insert a description of the same.)

"On cross-examination by C. D., of the attorneys for the defendant, he further testified as follows:

(Set out his cross-examination, following the form suggested for his direct testimony.)

"On re-direct examination, he further testified as follows:

(Set out the same. Continue in the same manner with respect to each witness sworn on behalf of the plaintiff. In all cases abstract only so much of the evidence as may be necessary to show the error involved; it is necessary to abstract the evidence in full only in those cases where the entire evidence is required to show the error.)" 71 Wash., p. xliv.

Under the heading of *Defendant's Evidence,* the rule provides as follows:

"Milton Giles was called and sworn as a witness on behalf of the defendant, and in answer to interrogatories propounded to him by E. F., of the attorneys for the defendant, testified as follows:

(Set out his testimony in the manner given for abstracting the evidence of the plaintiff's witnesses.)" 71 Wash. xlv.

Under these rules, it will be noted that the testimony is to be set out in narrative form, unless the question

and answer is necessary to an understanding of the error complained of. A form is given which is to be followed; the rule further providing that the testimony of each witness shall be abstracted in the same manner.

The abstract in question does not conform to the rules in setting out the testimony of the witnesses on direct, cross-examination and redirect examination, in continuity. The testimony, as abstracted, is under certain headings, such as *Bookkeeping, General items, Gray transaction, Position of the parties, Yokom land account,* etc., and under each one of these separate headings the testimony of all the witnesses who testified upon that particular subject-matter is apparently attempted to be assembled. This is not the method of abstracting recognized by the rules; neither is it in substantial conformity therewith. The appellant, however, contends that the method of abstracting which he has adopted conduces to clearness and makes the testimony more intelligible than it would be were it abstracted and set out in the manner required by the rule. Whether this is true or not cannot be determined at this time. For the purpose of determining whether the abstract conforms to the rules, it must be taken as it appears on its face and compared with the rule requirements. The fact, if it be a fact, that a method of abstracting, other than that required by the rule, may be better does not justify a departure from the rule. If the court should approve an abstract which is prepared in a manner substantially different from that required by the rules, it would lead to endless confusion. The door would be open for a party, when he conceived that he could abstract the testimony in a manner better than that provided in the rule, to depart therefrom and exercise his own judgment. The rule would soon become a nullity.

Rule VII, among other things, provides that, when the respondent is not satisfied with appellant's abstract, he may file a supplemental abstract, which shall follow the form which the rules provide for the original abstract. If the respondent desires to resort to a supplemental abstract, he has a right to the privilege of preparing it in the form required by the rules. In this case, if the respondent should undertake to prepare a supplemental abstract to that of appellant, it would be required to adopt the form of appellant's abstract and depart from the form required by the rules. It follows that the motion must be granted as to that part of the abstract which is devoted to the abstracting of the testimony. As to the other parts of the abstract, they appear to be in substantial conformity to the requirements.

The appellant will be given thirty days in which to prepare and file an amended or supplemental abstract.

It is so ordered.

MOUNT, FULLERTON, PARKER, and HOLCOMB, JJ., concur.