[No. 17015.   Department Two.   February 24, 1922.]

MARTIN SWENLAND, *Respondent*, v. THOMAS GREGORY
et al., *Appellants*.[1]

APPEAL (272)—RECORD—STATEMENT OF FACTS—AFFIDAVITS. Misconduct of the jury in rendering a quotient verdict will not be considered on appeal when the affidavits relative thereto are not made a part of the statement of facts.

SAME (151½)—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS—TIME AND MANNER OF TAKING. An erroneous instruction respecting damages recoverable by a parent for the death of a minor child will not be considered on appeal, where objection was not raised by motion for nonsuit, judgment non obstante, nor a directed verdict, and where the written exception to the instruction was filed with the clerk three days after judgment without ever having been called to the attention of the trial court.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 26, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Browder Brown* and *J. W. A. Nichols*, for appellants.

HOVEY, J.—Respondent recovered judgment against appellant in the sum of $3,667, upon a cause of action arising from the alleged negligent killing of the minor child of respondent by appellant's automobile.

The accident happened at Parkland, on the road to Mount Rainier, within the limits fixed by law for a maximum speed of twelve miles per hour in front of a public school. The roadway is paved sixteen feet wide, and has shoulders of about four feet on either side. Albert Swenland, a boy seven years of age, was walking with two other boys on the highway, and the evidence seems clear that he was struck while off the pavement. The testimony of the respondent's wit-

[1] Reported in 204 Pac. 597.

nesses shows that the appellant's car, a Cadillac road-
ster weighing thirty-four hundred pounds, was travel-
ing at a speed in excess of twenty-five miles per hour;
that it turned to the left to pass a Ford, and immedi-
ately upon passing the other car, and while still at the
high rate of speed, struck the boy, and the boy when
picked up was off the pavement, and he died shortly
afterward from the injuries received. It is the con-
tention of appellant that he was driving not to exceed
ten miles per hour, and that when he first saw the boys
they were off the pavement, but that this boy jumped
on the pavement, and to avoid striking him the appel-
lant turned to the right and partly off the pavement,
and that when the boy saw the car for the first time,
he jumped off the pavement and in the line of travel of
the car, and that the accident was unavoidable on the
part of appellant.

The undisputed facts show a case for care in operat-
ing the car, and while the evidence of respondent's
witnesses is not entirely clear as to all the details, suf-
ficient is shown from which the jury might find that
appellant was negligent and that decedent was not
guilty of contributory negligence.

The action is predicated upon § 184, Rem. Code
(P. C. § 8264), and the other errors assigned may be
summarized as follows:

(1) Misconduct of the jury in having rendered a
quotient verdict. The affidavits relative to this matter
are not made a part of the statement of facts and can-
not be considered upon this appeal. *Thurman v.
Kildall,* 80 Wash. 283, 141 Pac. 691, wherein our pre-
vious decisions on this subject are reviewed.

(2) Error of the trial court in denying motion for
a new trial. There is no order in the record disposing
of the motion for a new trial, and the questions in-

volved are covered by our disposition of the other points.

(3) Error in giving the following instruction:

"I instruct you that under the law, the father of a child has the right to maintain an action in damages for the death of his child, and in this connection I instruct you that if you find that the defendant Gregory, was negligent, by a fair preponderance of the evidence and then find that the infant was not contributorily negligent, then you should find for the plaintiff, and fix his damages in the value of the child's services from the time of his death until he would have attained the age of majority, taken in connection with his prospects of life, less the costs of his support and maintenance, together with doctor's bills, hospital and undertaker's bills and cost of burial."

And by this it is sought to bring up the question whether a cause of action was proven upon the principal amount of recovery, viz: the loss of decedent's services during his minority, and in the same connection there is raised the question that the verdict is excessive.

The evidence shows disbursements for doctor's bills, liability for a small hospital bill, and expenditures for funeral expenses, totaling about $185. The evidence as to the loss which the respondent might suffer through failure to secure the services of his minor child during the latter's minority was limited to the statement that the minor was seven years of age and a healthy boy. It is contended by appellant that, in the cases in which we have allowed recovery in this class of actions, there has been submitted proof in addition to the foregoing of the capacity of the minor, the situation of its parents, or something else to show its prospects in life, and appellant cites *Sweeten v. Pacific Power & Light Co.*, 88 Wash. 679, 153 Pac. 1054; *Atrops*

*v. Costello,* 8 Wash. 149, 35 Pac. 620; *Atkeson v. Jackson Estate,* 72 Wash. 233, 130 Pac. 102; *Kranzusch v. Trustee Co.,* 93 Wash. 629, 161 Pac. 492.

We are of the opinion that this question is not properly before us for the reason that, so far as the record here shows, this question was never called to the attention of the trial court. There was no motion for nonsuit, judgment *non obstante,* nor a directed verdict, and the written exception to the instruction appears to be the only manner in which appellant sought to raise the question, and it was not filed with the clerk until three days after the verdict was rendered, and so far as the record now shows, it was never called to the attention of the trial court.

Section 384, Rem. Code (P. C. § 7812), provides that the exceptions shall, if practicable, be made before the verdict is returned, and that the judge shall note the exceptions in the minutes of the trial or cause the same to be done.

In *Coffey v. Seattle Elec. Co.,* 59 Wash. 686, 109 Pac. 202, this section is held to be amended by subd. 4, Laws of 1909, p. 184 (Rem. Code, § 339; P. C. § 8504), to the extent that exceptions to instructions may be taken at any time before the motion for a new trial is heard, but the method of taking and preserving the same in the record of the case was held to be still governed by the former section.

It is a settled rule of decision in this court that questions not called to the attention of the trial court will not be considered upon the appeal. *Tacoma Grocery Co. v. Barlow,* 12 Wash. 21, 40 Pac. 380; *Weber v. Snohomish Shingle Co.,* 37 Wash. 576, 79 Pac. 1126; *Migge v. Northern Pac. R. Co.,* 75 Wash. 197, 134 Pac. 815. The latter case was one where error was predicated upon a verdict claimed to be excessive.

In view of the record, we do not feel called upon to pass upon the quantity of proof required.

The judgment appealed from is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.