[No. 17690.    Department One.    March 2, 1923.]

JULIA T. CHURCH, *Respondent*, v. LOUIS K. CHURCH, *Appellant*.[1]

APPEAL (272)—RECORD—STATEMENT OF FACTS. In the absence of a bill of exceptions or statement of facts, the supreme court will not review an adjudication that appellant was in contempt for failure to pay alimony, nor order the original files sent up.

DIVORCE (56)—COSTS—ATTORNEY'S FEES. The supreme court will not grant an additional allowance of $250 as attorney's fees for resisting an appeal in a divorce case, where, so far as the record shows, the statutory fees and costs will be sufficient.

Appeal from orders of the superior court for King county, Hall and Griffiths, JJ., entered June 21, 1922, and September 6, 1922, denying the modification of a decree of divorce and adjudging the defendant in contempt of court for failure to pay alimony. Affirmed.

[1]Reported in 213 Pac. 489.

*Charles R. Crouch,* for appellant.

*Grinstead & Laube* and *Harry A. Rhodes,* for respondent.

Holcomb, J.—This was a divorce action in which a default decree of divorce was entered, by the terms of which respondent was allowed $100 attorney's fees, and alimony at the rate of $50 per month; the decree further providing that, upon application in the future by the plaintiff, the decree might be modified to confer upon the plaintiff additional alimony to conform to the changed conditions of the parties.

On May 15, 1922, respondent filed an application supported by affidavit, alleging that appellant was delinquent in the payment of alimony, and upon the application an order to show cause was granted, which went by default. Immediately thereafter, however, appellant filed his petition to modify the decree, and set forth facts in support thereof by affidavit.

His petition was denied by the trial court, and respondent's petition was heard and granted, appellant being adjudged in contempt of court for failure to pay alimony, and committed to jail "until he had purged himself of contempt."

Notice of appeal from both of the orders so entered was given by appellant.

No bill of exceptions or statement of facts has been brought here upon the appeal, and it is asserted that none has been either served, filed or certified by the lower court, nor made a part of the record on appeal.

There being nothing here of what was before the superior court at the time these proceedings were heard, we will not reverse the orders of the lower court. *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691; *Swenland v. Gregory,* 118 Wash. 640, 204 Pac. 597.

Nor can we order the original files sent up by the lower court, as moved by appellant, the statutes on appeal not so providing.

Neither will we grant the application of respondent based upon the records and files in the case, now on file here, for a further allowance of $250 as attorney's fees for respondent for resisting this appeal. So far as can be ascertained from the record, the statutory attorney's fees and costs which will be allowed respondent are sufficient.

Judgments affirmed.

MAIN, C. J., BRIDGES, and MITCHELL, JJ., concur.