No.——

First Circiut Appeal.

**RUSSELL FUSCIA ET AL. v. CENTRAL LIGHT & POWER CO., ET AL.**

(June 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Negligence—Par. 4, 12.**

A boy climbed a tree growing inside his parents' premises to chase a flying squirrel. The limbs of the tree extended outside the parents' premises. The boy fell bruising his hands on a high voltage power line which was wholly outside of his parents' premises thus burning him. *Held*, there was no negligence of the owners of the high voltage line because the wires were wholly outside of the premises of the boy's parents and the wires themselves did not constitute an attraction for children to play.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Tangipahoa, Hon. Columbus Reid, Judge.

This is a suit for personal injuries to a boy due to his coming in contact with a high voltage electric wire. There was judgment for plaintiffs for less than prayed for and plaintiffs appealed.

Judgment reversed, refusing plaintiffs' demands.

A. W. Spiller, of Amite, attorney for plaintiff, appellant.

Purser & Magruder, of Amite, attorneys for defendant, appellee.

LECHE, J. Plaintiffs sue for damages in the sum of four thousand, six hundred and fifty dollars, and from a judgment in their favor as natural tutors and against the Central Light and Power Company, in the sum of fifteen hundred dollars, defendant the Central Light and Power Company has appealed.

Plaintiff's minor son had climbed up a pine tree for the purpose of capturing a flying squirrel, when by losing his foothold, he fell down from the tree and in his fall, brushed against a highly charged electric wire belonging to and operated by the Central Light and Power Company, the fall and the electric shock, either or both, causing him severe pain and injury.

The Central Light and Power Company is a public service corporation and owns, controls and operates a line of electric wires along the public highway from Pontchatoula, La., to Osyka, Miss. The plaintiffs and their minor son live on a farm near Hammond, fronting on the same highway.

We further find the following facts:

Plaintiffs' boy climbed up a tree growing inside his parents' premises. These premises are enclosed by a barbed wire fence. The fence is tacked on to the tree and though the roots of the tree are inside the premises, limbs of the tree extend outside the fence. Some of these outside limbs had

been trimmed and cut by the Power Company and the stumps of such limbs were used by the boy as steps in a ladder, to climb the tree. The wires were outside of plaintiffs' premises, the lowest wire being about twenty-two (22) feet above the ground. There was no encroachment upon plaintiffs' premises, the nearest wire being outside and some sixteen (16) inches from the tree. The wires were charged with and carried 22,000 volts of electricity and the boy had climbed to a height over and above the wires, estimated at four or five feet. The boy while at this height, missed his footing and fell brushing the wires with his hands in falling. He did not grasp the wire in his hand because the high voltage would have shocked him to death. The contact was merely a rapid brush sufficient to burn but not to kill. The line of wires was erected where the Power Company had a right to erect it and in the manner that such lines are usually erected due regard being had for the public safety.

These facts present no grounds for imputing negligence to the defendant Power Company.

Plaintiffs argue that even if the Power Company was not guilty of negligence, it should be held liable under the doctrine of the "turntable cases", as placing an attractive nuisance within the reach of children. But unfortunately for plaintiffs, the attraction in this case was not the live wires, but something else, over which the Power Company had no control, viz: the flying squirrel.

We do not believe that the Power Company is liable for the injuries sustained by plaintiffs' minor son and

It is therefore ordered that the judgment appealed from be avoided and reversed and that plaintiffs' demand be refused at their costs.