[No. 20618.   Department One.   June 9, 1927.]

HERBERT C. WILLIAMS, *Respondent*, v. FRANK JOHNSON
et al., *Appellants*.[1]

[1] APPEAL (151½)—PRESERVATION OF GROUNDS—EXCEPTIONS TO IN-
STRUCTIONS. Exceptions to instructions are unavailing, where
they are shown only by writings on the margins, without any-
thing to indicate where or by whom made, or that they were
called to the attention of the court.

[2] HIGHWAYS (57)—INJURY TO PEDESTRIAN—NEGLIGENCE OF DRIVER
—EVIDENCE—SUFFICIENCY. A pedestrian, starting across a paved
road, has the right to assume that a car, stopped over on the
gravel at one side with no other car in sight, was intending to
park there, and it is not contributory negligence for him to give
it no further attention; in view of Rem. 1927 Sup., § 6340, mak-
ing it unlawful to drive off the pavement except for the purpose
of stopping or passing.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered September 21, 1926,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
by a pedestrian struck by an automobile.   Affirmed.

*H. W. Lueders* and *Grant A. Dentler,* for appellants.
*George A. Custer,* for respondent.

FRENCH, J.—Plaintiff, while crossing the Pacific
Highway near the town of Sumner, in Pierce county,
was struck by the automobile of the defendants and
injured.   In his action for damages, tried to the court
and a jury, he recovered judgment.   The defendants
appeal.

The facts, as we are able to gather them from the
record, are about as follows:   Respondent, leaving a
small restaurant, started to cross the highway.   About
sixteen feet from the pavement, he looked in both

[1]Reported in 256 Pac. 1029.

directions, and but one car was in sight—that belonging to the appellants. Respondent's testimony tends to show that, some forty or fifty feet from the scene of the accident, the appellants had driven off the paved portion of the highway, and their car was at a standstill on the crushed rock or gravel. The respondent testified that, observing this fact, he paid no further attention to appellants' car, started across the highway, and had taken but one or two steps on the pavement when he was struck by appellants' car and injured. Appellants, in their appeal, question many of the instructions given by the court, and raise the question of contributory negligence on the part of respondent.

[1] At the outset, we are confronted by the fact that the only exception taken to the instructions, or to the refusal to give requested instructions, is by certain writings on the margin of the instructions as finally given by the court. There is nothing in the record to show when or by whom this writing was made, nor is there anything to indicate that any exceptions of any kind were ever called to the attention of the trial court. The exceptions taken in this manner are unavailing. A few of our many cases covering this point are: *Coffey v. Seattle Electric Co.*, 59 Wash. 686, 109 Pac. 202; *McGowan Co. v. Carlson*, 79 Wash. 92, 139 Pac. 869; *Swenland v. Gregory*, 118 Wash. 640, 204 Pac. 597; *Yarno v. Hedlund Box & Lumber Co.*, 129 Wash. 457, 225 Pac. 659, 227 Pac. 518.

[2] The only question, then, left to consider is, was the evidence sufficient to take the case to the jury?

As above stated, there was testimony tending to show that appellants' car was the only car in sight on this portion of the highway, and also testimony to show that it had left the paved portion of the highway

and was stopped over on the gravel at one side. Laws of 1923, p. 604, ch. 181, § 7 [Rem. 1927 Sup., § 6340], made it unlawful to drive off the paved portion of the highway except for the purpose of "passing on the highway or for the purpose of stopping off the pavement." If the respondent's version of what happened is correct, then he had the right to assume that the car of appellants which had been driven off the pavement within forty feet of him was intending to park, and he would have the right to assume that he need give it no further attention for the short space of time necessary for him to walk across the pavement. This accident took place in broad daylight. Each party had an unobstructed view of the other. The lower court reduced the verdict as found by the jury in a substantial amount.

A careful examination of the record convinces us that the case was fairly tried and that there was substantial evidence, properly admitted, on · which the verdict of the jury could be based.

The questions involved in this appeal are almost entirely questions of fact and the verdict of the jury is binding upon this court.

Judgment affirmed.

MACKINTOSH, C. J., MITCHELL, MAIN, and FULLERTON, JJ., concur.