## BOURGOYNE et al. v. LOUISIANA PUBLIC UTILITIES CO., Inc.

### No. 1206.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

Edward Rightor, of New Orleans, for appellants.

Carville & Carville, of Plaquemine, for appellee.

LE BLANC, Judge.

This case is on appeal from a judgment in the lower court in favor of a father and mother for the use and benefit of their minor son, for damages sustained by him when he was electrocuted by a high-powered line of the defendant company during the afternoon of July 9, 1932. The plaintiffs' son, with other children, were accustomed to playing in an open lot belonging to one Elphege P. Blanchard, situated on the outskirts of the town of Plaquemine. On the afternoon that he was injured, he had climbed a tree situated on the front of the lot, which bordered on the public road, in order to catch a bird that had lit therein. In doing so, his head came in contact with the high-powered line of the defendant which ran through the tree, and he was thereby injured. It is alleged that the line was uninsulated and negligently run through the tree by the defendant.

The young boy's injuries were serious but fortunately not fatal, and his parents were awarded the sum of $1,500 for his use and

benefit by the judgment of the district court. In addition, the father was allowed to recover the sum of $38.75 for medical and doctor's bills which had been incurred. The petition contained separate demands by the father and mother for the mental pain and anguish suffered by each on account of their son's injuries. These, however, were abandoned in the lower court, and are not urged on appeal. Plaintiffs have nevertheless answered the appeal, and pray for an increase in the amount allowed for the use and benefit of their minor son to the sum of $2,000.

The answer is made up generally of admissions to certain allegations of the petition, some of which we consider very pertinent and material to the issue of negligence, and the rest consists mainly of denials of liability.

The case was submitted on an agreed statement of facts which does not seem to alter the situation as presented by the pleadings very much, and, if it does at all, it is to the advantage of the plaintiffs, as it contains further admissions by the defendant.

■ Counsel on both sides have devoted considerable space in their brief to a discussion of the doctrine of attractive nuisance, which in our opinion does not apply, as that doctrine involves a trespass, and here there was no trespass. On the contrary, it is shown that Mr. Blanchard, owner of the pasture or lot, had no connection whatever with the defendant, and that it was to his knowledge and with his implied, if not direct, consent, that these children congregated and played therein.

On the question of the negligence charged in the petition, it seems to us that the defendant has made rather damaging admissions, so damaging in fact as to point almost directly to their liability. In paragraph 9 of the petition, it is averred that the child climbed up the tree to catch the bird, and then the specific allegation is made that "in doing so, through no fault of his, his head came in contact with an uninsulated high power line of the defendant, negligently run through the tree by them." In the answer, the allegations of fact of that paragraph are denied, but, when we come to read the agreed statement of facts on which the case was submitted, we find that "articles 2, 3, 4, 5, 6, 7, 8, and 9 of plaintiffs' petition are admitted." It strikes us that this admission carries with it more than an admission of a mere conclusion of law; it seems to us to be an admission of the fact that this high-powered wire was uninsulated, and that running it in that condition through this tree at that particular place was negligence on their part.

But, even though the admission did not carry all the force we attribute to it, we believe that the admitted facts otherwise tend to prove the negligence complained of.

■ Defendants do not dispute the fact that this high-powered wire which carried 6,600 volts of electric current was not insulated. They defend that charge on the ground that the law does not require them to insulate. It is a fact that, outside of certain municipal ordinances and regulations, there is no statutory order to power companies to insulate all of their wires, and the general rule, as we view it, is that they are not obliged to do so. Still there are exceptions to this rule which do require that, in places and localities in the country where there is a reasonable likelihood of people coming in contact with heavily loaded wires, they be insulated. We had occasion to make reference to this matter in the recent case of Bujol v. Gulf States Utilities Co., 147 So. 545. The question then arises as to the nature and character of the place at which the boy in this case was injured.

■ We believe that the admitted facts show that this lot was a sort of playground for the children of the neighborhood where it was situated, and that this was a matter of common knowledge to the people living around. Such knowledge could fairly be charged to the defendant through its officers or employees who necessarily had to be there at certain times to attend to the business of their company. If they be held to such knowledge, the duty then rested on them to take proper precaution in stringing their high-powered wires and in seeing that they were either insulated or placed in such position that the children playing near them would not come in contact with them in just such a manner as did the injured boy in this case. It is a matter of common notoriety, and of which courts have frequently taken judicial cognizance, that boys who play in places where there are trees will, following their natural instincts, climb into these trees, whether it be to catch birds, gather fruits or nuts, do acrobatic stunts, or anything else. There are no cases cited from the courts of this state in brief of either counsel bearing on this subject. The case of Fuscia et al. v. Central Light & Power Co. et al., 2 La. App. 195, involved facts somewhat similar to those here presented, but the precise issue here under discussion seems not to have been raised, or, if it was, the court does not refer to it in its opinion. There are numerous decisions by courts of other jurisdictions, however, holding public utility companies liable under facts and circumstances such as are presented here. We refer only to a few of which seem to be the most pertinent: Godfrey v. Kansas Light & Power Co., 299 Mo. 472, 253 S. W. 233; Sweeten v. Pacific Power & Light Co., 88 Wash. 679, 153 P. 1054; Talkington v. Washington Water Power Company, 96 Wash. 386, 165 P. 87; Temple v. McComb City Electric Light & Power Co., 89 Miss. 1, 42 So. 874, 11 L. R. A. (N. S.) 449,

70

119 Am. St. Rep. 698, 10 Ann. Cas. 924. These furnish ample authority to support the judgment of the lower court fixing liability on the defendant in this case.

On the question of the amount of damages plaintiffs are entitled to recover for their son, we are of the opinion that the district judge was a bit too liberal in his award. This boy, who was seven years old at the time, no doubt suffered a severe shock, but, from the statement of the doctor who attended him, his injuries consisted of burns on the forehead, one on the arm and on the bottom of one foot, all of which on the day that he gave his statement, exactly two months after the accident, had entirely healed. Except for the three scars left on the head, where no hair was growing so far, the boy seemed to him to be as well as before the accident. The damages therefore have to be confined strictly to the shock he experienced, his injuries and suffering during a comparatively short period, and the disfigurement on account of the scars, for all of which we believe that the sum of $1,000 would amply compensate him. The judgment will therefore be amended by reducing it in the sum of $500.

For the reasons stated, it is therefore ordered that the judgment appealed from be amended by decreasing the amount allowed the plaintiffs for the use and benefit of their minor son, Nathan Bourgoyne, from the sum of $1,500 to the sum of $1,000, and that as thus amended it be affirmed.

ELLIOTT, Judge (dissenting).

The facts in this case present a question of liability for injuries sustained by a boy who climbed a tree which stands within a private inclosure and through the limbs of which the defendant Louisiana Public Utilities Company erected and maintain a high-powered wire not insulated. The wire was erected and is maintained with the consent of the owner of the ground. Children living in the neighborhood play within the inclosure with the tacit consent of the owner of the premises. The attraction for the injured boy up the tree was a bird which he saw and not the wire, which it is likely he never observed. He accidentally fell out of the tree, and in falling came in contact with the wire and was severely burned.

Under the circumstances, developed by the facts, it does not appear to me that there was fault and negligence on the part of defendant in not insulating its wire through the tree as a precaution against injury resulting from an accident of the kind that happened. The wire was fully 20 feet above the ground, and could not be reached except by climbing the tree. The accident was something which defendant, as a matter of prudence and care, should not be held to have looked forward to and guarded against by insulating its wire through the tree. The theory of liability under the facts of this case seems to me to be inconsistent with the provisions of title 5, chapter 2 (arts. 2315–2324), of our Civil Code on the subject of quasi offenses.

In New Orleans & N. E. R. R. Co. v. McEwen & Murray and Gulf Lumber Co., 49 La. Ann. 1184, page 1196, 22 So. 675, 680, 38 L. R. A. 134, the Supreme Court quoted with approval the following definition of negligence: "Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made is insufficient as against an event such as may happen once in a lifetime or perhaps twice in a century, does not, in my opinion, make out a case of negligence upon which an action in damages will lie."

The facts in the present case seem to me to bring the case within the principle on which was based our opinion in the case Fuscia v. Central Light & Power Co., 2 La. App. 195. We held in that case, under facts which do not to me seem different in principle from the present, that negligence could not be imputed to the defendant for having run and maintained a high-powered wire through the limbs of a tree against which a boy fell and was injured, with facts about like the present. In the Fuscia Case the wire was not insulated through the tree; the opinion does not say so, but, if the wire had been insulated, the boy would not have been injured.

I think the Fuscia Case was properly decided, and that the reason on which it is based should be followed in the present case. I think the judgment appealed from herein should be reversed and plaintiffs' demand rejected.

I therefore dissent.